No. 19,950.

ORLANDO L. CASIAS *v.* THE PEOPLE OF THE
STATE OF COLORADO.
(367 P. [2d] 327)

Decided December 11, 1961.   Rehearing denied December 29, 1961.

Plaintiff in error, pro se.

Mr. DUKE W. DUNBAR, Attorney General, Mr. Frank
E. HICKEY, Deputy, Mr. J. F. BRAUER, Assistant, for de-
fendant in error.

*En Banc.*

MR. JUSTICE McWILLIAMS delivered the opinion of
the Court.

ON August 28, 1959, Casias was convicted by a jury of

mayhem (C.R.S. '53, 40-2-24) and thereafter the same jury also determined that he had suffered two prior felony convictions. Pursuant to the Habitual Criminal Act (C.R.S. '53, 39-13-1, et seq.) the trial court adjudged Casias to be "guilty of the crime of Mayhem — Habitual Criminal" and sentenced him to twenty-five to thirty years in the state penitentiary.

Subsequently, Casias filed a "Motion for Re-sentencing" on the grounds that because of his age he had actually suffered only *one* felony conviction prior to his conviction for mayhem. Specifically, he alleged that in 1950, when he suffered a burglary conviction, he was only 20 years of age and that having theretofore suffered no prior felony conviction under the then existing laws relative to the sentencing of youthful offenders, he could only be sentenced to the state reformatory, and accordingly did not on that occasion suffer a "felony" conviction. In support thereof Casias attached a certificate of baptism which established that he was born on January 14, 1929.

Acting in accord with *Smalley v. People,* 134 Colo. 360, 304 P. (2d) 902, the trial court on January 4, 1961, granted this motion, vacated the twenty-five to thirty year sentence and imposed a sentence of from ten to fifteen years in the state penitentiary.

On April 7, 1961, Casias filed a motion seeking to have the trial court vacate and set aside its sentence of January 4, 1961, contending that the trial court as of that date had no authority to impose a sentence for the mayhem conviction which had theretofore been returned on August 28, 1959. This motion to vacate was denied, as was Casias' subsequent motion for a new trial, and by the present writ of error he seeks reversal of the order denying his motion to vacate the judgment and sentence of ten to fifteen years in the state penitentiary.

Casias' argument runs as follows: (1) he was convicted of mayhem on August 28, 1959, and on that same

date was determined to have suffered two prior felony convictions; (2) on August 28, 1959, he was *not* sentenced for his conviction of mayhem, but for being an "habitual criminal;" (3) he was not thereafter sentenced on the mayhem charge for some 16 months, and, specifically, not until January 4, 1961, was he sentenced for the first time on the mayhem conviction; (4) that because of this undue delay he was deprived of his constitutional right to a speedy public trial (Article II, Sections 6 and 16 of the Colorado Constitution) and the trial court had by that time lost all jurisdiction of his case.

The basic fallacy in Casias' argument is that he *was* sentenced for the mayhem conviction on August 28, 1959, and indeed could only have been sentenced for mayhem inasmuch as he could not be sentenced because of his status as an habitual criminal, there being no such substantive offense. In *Wright v. People,* 116 Colo. 306, 181 P. (2) 447 it was said: "* * * the habitual criminal act did not create a new crime. It merely provided that the court, in sentencing a defendant after conviction, must consider former convictions in imposing sentence * * * Habitual criminal statutes * * * do not create or define a new or independent crime, but prescribe circumstances wherein one found guilty of a specific crime may be more severely penalized because of his previous criminalities * * * "

This is but another case where the trial court having jurisdiction of both the subject matter and the person of a defendant imposed an erroneous judgment and sentence. When the fact was brought to its attention the trial court promptly vacated the erroneous sentence and imposed a proper one. This procedure has been specifically approved by this Court on repeated occasions and in nowise violates any constitutionally protected rights. See *Villalon v. People,* 145 Colo. 327, 358 P. (2d) 1018, wherein numerous decisions of this Court are cited in support of the proposition that a trial court which enters an erroneous judgment and sentence in a criminal

proceeding retains jurisdiction to correct such erroneous sentence.

The judgment is affirmed.

MR. CHIEF JUSTICE HALL not participating.