The PEOPLE of the State of Colorado, Plaintiff-Appellee,

v.

William T. WATKINS, Defendant-Appellant.

No. 83SA257.

Supreme Court of Colorado, En Banc.

June 25, 1984.

Rehearing Denied July 16, 1984.

Duane Woodard, Atty. Gen., Charles B. Howe, Chief Deputy Atty. Gen., Richard H. Forman, Sol. Gen., Virginia Byrnes, Asst. Atty. Gen., Appellate Section, Denver, for plaintiff-appellee.

David F. Vela, Colorado State Public Defender, Claire Levy, Deputy State Public Defender, Denver, for defendant-appellant.

LOHR, Justice.

The defendant, William T. Watkins, appeals from the judgment of the El Paso County District Court resentencing him for aggravated robbery as mandated by our opinion in *Watkins v. People*, 655 P.2d 834 (Colo.1983). On remand, the trial court reduced the thirty to thirty-five year sentence originally imposed, and required the defendant to serve twenty-eight to thirty-three years imprisonment for the aggravated robbery offense. We conclude that the newly imposed sentence was within the trial court's discretion and affirm the judgment.

Based upon events that took place in and near Colorado Springs on December 27, 1978, a jury found Watkins guilty of aggravated robbery,[1] conspiracy to commit aggravated robbery,[2] and menacing.[3] The jury also found that Watkins had been convicted of two previous felonies within the past ten years and thus was an habitual criminal.[4] The trial court sentenced the defendant to concurrent terms of thirty to thirty-five years for aggravated robbery, an indeterminate term not to exceed eight years for conspiracy to commit aggravated robbery, an indeterminate term not to exceed four years for felony menacing, and a term of thirty to thirty-five years for habitual criminality. The defendant appealed his adjudication as an habitual criminal, and the Colorado Court of Appeals affirmed in an unpublished opinion. We granted certiorari and reversed based upon our conclusion that evidence of one of the felony convictions that was essential to the habitual criminality adjudication should have been suppressed because the prosecution had not carried its burden to establish that the plea was constitutionally valid. *Id.* at 838–39. We were "unable to determine from the record whether the trial court would have imposed the thirty to thirty-five year sentence for aggravated robbery in the absence of an adjudication of the defendant as an habitual criminal"

and directed that the case be returned to the trial court for resentencing on the crime of aggravated robbery. *Id.* at 839.

After receiving and considering a supplemental presentence investigation report, the trial court held a hearing, reduced the sentence for aggravated robbery to twenty-eight to thirty-three years, and reaffirmed the concurrent sentences for the other substantive offenses. The defendant contends that the trial court erred by not resentencing Watkins based on current information, that the sentence unduly emphasizes punishment to the exclusion of other sentencing considerations, and that the trial court abused its discretion by imposing a sentence for aggravated robbery that was substantially similar to the one imposed under the habitual criminal statute. We find no merit in these contentions.

The presentence investigation report that was before the court when the defendant was first sentenced describes the events leading to his convictions. Watkins and two companions entered a retail clothing store in Colorado Springs during business hours. The defendant took a shotgun from his coat and told the store owner that if he cooperated he would not get hurt. The three then directed the owner and a customer to lie on the floor, taped their hands and feet, and made off with numerous leather jackets, fur coats, and other articles of clothing. The store owner's six-year-old daughter was present during the events in the clothing store. Later that day when police officers identified the robbers' vehicle on Highway I–25 north of Colorado Springs, the robbers led the officers on a high speed chase during which the trio's vehicle avoided a road block and the police officers and the fleeing felons exchanged gunfire. The three robbers were apprehended hours later after they had abandoned their vehicle and fled on foot.

The presentence investigation report also reflects that the defendant was thirty

---

1. § 18–4–302, 8 C.R.S. (1978).

2. § 18–2–201, 8 C.R.S. (1978).

3. § 18–3–206, 8 C.R.S. (1978).

4. § 16–13–101(1), 8 C.R.S. (1978 & 1983 Supp.).

years old at the time of the offense. He has a history of criminal activity beginning with larceny, assault, and purse snatching episodes as a juvenile, "resulting in incarceration and juvenile parole from 1965 thru 1967." In 1968 he was granted probation for conspiracy and accessory to burglary. In 1969 he was sentenced to the Colorado State Reformatory based on a second degree burglary conviction. In 1971 he received an eight to twelve year sentence for robbery, and in 1974 Watkins was convicted of escape after he left Camp George West while serving his sentence for the earlier robbery conviction. Watkins experienced "numerous problems" during these earlier periods of confinement. He attributes the majority of them to drug abuse.

The presentence report relates that the defendant did not graduate from high school, has little employment experience, and has been incarcerated most of his adult life. He is divorced and has three children.

The supplemental presentence report was prepared by a probation officer who had personally supervised Watkins during the time he had been serving his sentences at the Shadow Mountain Correctional Facility for the offenses involved in the present case. The report reflects that Watkins has proved to be an excellent worker, has developed his photography skills, and works part time as a photographer for the correctional facility. He has participated in drug and mental health counseling groups while imprisoned. The probation officer expressed the opinion that Watkins has matured while in prison, and that his actions since incarceration better indicate his future performance in society than does his record of prior criminality. The probation officer recommended a moderate term in the five to forty-year permissible sentencing range.

The trial judge held a hearing before resentencing the defendant. Defense counsel urged that the trial court consider in particular three developments since the original sentence was imposed. First, defense counsel argued that the new sentence should reflect the fact that the presumptive sentencing range for aggravated robbery, a class 3 felony, had been reduced to four to eight years plus one year of parole since the defendant's offense,[5] although counsel acknowledged that the five to forty-year range was still applicable to Watkins' resentencing. Second, defense counsel mentioned that, subsequent to Watkins' sentencing, one of his co-defendants had received a term of twenty-eight to thirty-two years and the other a term of "around a 15 to 20 year sentence." Finally, counsel directed the court's attention to the supplemental presentence report reflecting the defendant's good behavior and maturation while in prison. Watkins declined to make a statement at the hearing.

The same judge who had presided at the trial conducted the resentencing hearing. He recounted the events leading to Watkins' conviction and noted that he had reviewed the original and updated presentence reports. The judge stated that in imposing sentence originally he had been impressed by the use of weapons during the robbery, the later exposure of the pursuing officers to injury or death, and the danger to the traveling public caused by the high-speed highway chase, as well as by the defendant's unfavorable prior record and the absence of hope of rehabilitation reflected by that record. The court acknowledged Watkins' favorable recent performance in prison but concluded that his past actions and the need for protection of the public justified a lengthy sentence. The judge stated that he was "going to give some consideration to what the Probation Officer believes will happen in the future" but that the circumstances of the offense indicated the continuing appropriateness of a long sentence. The court then reduced the aggravated robbery sentence to twenty-eight to thirty-three years, and reimposed the original sentences for all the other offenses, except the sentence for the habitual criminal conviction which had been reversed on appeal. In addition, the court

5. § 18-1-105, 8 C.R.S. (1983 Supp.).

credited the defendant for 204 days of confinement that had been served before imposition of the original sentence. This credit had been disallowed in the sentence originally imposed.[6] In response to a question from the district attorney, the court stated that the 1974 felony conviction, which we held in *Watkins v. People* could not be used to support the habitual criminal charge, did not form any part of the basis for the newly imposed sentence.

■ The reversal of the adjudication of habitual criminality negated its sentence-enhancing effect and required resentencing for the underlying aggravated robbery charge, since it was not clear from the record that the robbery sentence was imposed independently of the habitual criminal adjudication. *Watkins v. People,* 655 P.2d at 839 n. 10; *see Casias v. People,* 148 Colo. 544, 367 P.2d 327 (1961). The trial court could consider all relevant and material factors at the resentencing, including new evidence incorporated in the supplemental presentence report. *See People v. Bridges,* 662 P.2d 161 (Colo.1983) (Crim.P. 35(b) motion).

■ As the foregoing review of the record shows, the court did utilize current information in resentencing Watkins. The court not only reiterated its considerations when imposing the original sentence, but also reviewed the updated presentence report, acknowledged Watkins' favorable performance in prison, and gave consideration to the probation officer's conclusion regarding rehabilitative potential. This is reflected in the two-year reduction in Watkins' sentence. The original justifications for the lengthy sentence—to protect the public from further criminal activity by the defendant and to provide adequately for individual deterrence and correction—remained intact despite the new evidence. *See People v. Warren,* 200 Colo. 110, 612 P.2d 1124 (1980); *People v. Strong,* 190 Colo. 189, 544 P.2d 966 (1976). The record does not support the assertion that the trial court did not utilize the new evidence.

■ The defendant claims that his sentence emphasizes punishment to the exclusion of other considerations. The purposes of sentencing are to punish a defendant in relation to the seriousness of the offense, assure fair and consistent treatment of all convicted offenders, deter others likely to commit similar offenses, and promote rehabilitation. § 18–1–102.5, 8 C.R.S. (1983 Supp.); *People v. Martinez,* 628 P.2d 608 (Colo.1981). It is apparent from the record that the trial court considered each one of these factors; therefore, the defendant's argument must be rejected.

■ The defendant also contends that the revised sentence was excessive because it was substantially similar to that imposed under the habitual criminal statute. We disagree. In sentencing the defendant originally, the court imposed separate but identical terms for habitual criminality and armed robbery.[7] At the resentencing hearing the court reaffirmed that the original sentence for aggravated robbery was not dependent upon the habitual criminality adjudication. Thus, the record now makes clear that the original thirty to thirty-five

---

6. Under the law in effect at the time the offense was committed, the judge was to take into consideration presentence confinement that the defendant had undergone with respect to the transaction for which he was to be sentenced, and the judgment was to recite that such consideration had been given. § 16–11–306, 8 C.R.S. (1978). Since then, the law has been changed so that a person who is confined prior to the imposition of sentence is entitled to credit against the term of his sentence for the entire period of confinement. § 16–11–306, 8 C.R.S. (1983 Supp.). The new law does not apply to offenses committed before July 1, 1979, *Godbold v. District Court,* 623 P.2d 862 (Colo.1981), but the court retains the authority under the earlier provision to give credit for presentence confinement.

7. The habitual criminal statute does not create a new or independent crime, but instead defines circumstances where one found guilty of a specific crime may be more severely penalized because of previous criminality. *Casias v. People,* 148 Colo. 544, 367 P.2d 327 (1961); *People v. Montoya,* 640 P.2d 234 (Colo.App.1981). Therefore, the trial court erred in imposing separate sentences for aggravated robbery and habitual criminality. This error became moot when we reversed the habitual criminality adjudication.

year sentence for armed robbery reflected no enhancement based on habitual criminality.

When the sentence for aggravated robbery is considered out of the context of the invalid adjudication of habitual criminality, the defendant's only remaining argument is that the two-year reduction in sentence did not adequately reflect the reduction in the sentencing range for class 3 felonies effective after the defendant's offense. The trial court may consider the new sentencing range but it is not bound by it. *People v. Bridges*, 662 P.2d 161 (Colo.1983); *People v. Cabral*, 629 P.2d 575 (Colo.1981); *People v. Lopez*, 624 P.2d 1301 (Colo.1981). Under the circumstances of this case, we conclude that the trial court acted within its discretion in declining to reduce the defendant's sentence further to give more weight to the later reduction in the sentencing range.

The defendant's various challenges to his sentence for armed robbery are summarized by his general contention that the sentence was excessive in light of all the circumstances of the case. To this we can only reply that sentencing is by nature discretionary, that the trial court is a better arbiter of the facts than the appellate court because of its greater familiarity with the defendant and the facts of the case, and that the trial court's decision will not be modified absent a clear abuse of discretion. *Triggs v. People*, 197 Colo. 229, 591 P.2d 1024 (1979); *People v. Strong*, 190 Colo. 189, 544 P.2d 966 (1976). Where, as here, the record establishes a clear justification for the sentence imposed, we will not disturb the sentence. *People v. Warren*, 200 Colo. 110, 612 P.2d 1124 (1980).

Judgment affirmed.