Richard D. COLLINS, Petitioner–Appellee,

v.

Frank GUNTER, Executive Director, Colorado Department of Corrections, Lou Hesse, Superintendent, Centennial Correctional Facility, Respondents–Appellants.

No. 91SA346.

Supreme Court of Colorado,
En Banc.

July 20, 1992.

Richard D. Collins, pro se.

Gale A. Norton, Atty. Gen., Raymond T. Slaughter, Chief Deputy Atty. Gen., Timothy M. Tymkovich, Sol. Gen., John Daniel Dailey, Deputy Atty. Gen., Yvonne E. Scott, Asst. Atty. Gen., Denver, for respondents-appellants.

Justice QUINN delivered the Opinion of the Court.

This appeal arises out of a habeas corpus proceeding in which the district court treated a petition for writ of habeas corpus as a petition for declaratory relief under C.R.C.P. 57 and ruled that, pursuant to section 17–22.5–104(2), 8A C.R.S. (1986), the petitioner, Richard D. Collins, would be eligible for parole consideration after serving twenty calendar years on a life sentence imposed pursuant to Colorado's habitual criminal statute. We affirm the judgment of the district court.

## I.

On April 7, 1986, the Jefferson County District Court in Case No. 85CR839 adjudicated Richard D. Collins an habitual criminal and sentenced him to three concurrent life terms on his convictions for the crimes

of first degree sexual assault, first degree burglary, and aggravated robbery, all of which were committed on April 9, 1985. On the same day the Jefferson County District Court in Case No. 85CR1028 adjudicated and sentenced Collins to concurrent life terms on his convictions for the crimes of first degree arson, intimidating a witness, and conspiracy to intimidate a witness, all of which were committed on June 29, 1985. The life sentences in Case No. 85CR1028 were ordered to be served consecutively to the life sentences in Case No. 85CR839.[1] When these sentences were imposed, section 17–22.5–104, 8A C.R.S. (1986), provided as follows:

(1) Any inmate in the custody of the department who has served the minimum period of time prescribed by his sentence may be allowed to go on parole, subject to the provisions and conditions contained in this article and article 2 of this title.

(2)(a) No inmate imprisoned under a life sentence for a crime committed before July 1, 1977, shall be paroled until he has served at least ten calendar years, and no application for parole shall be made or considered during such period of ten years.

(b) No inmate imprisoned under a life sentence for a crime committed on or after July 1, 1977, but before July 1, 1985, shall be paroled until he has served at least twenty calendar years, and no application for parole shall be made or considered during such period of twenty years.

(c) No inmate imprisoned under a life sentence for a crime committed on or after July 1, 1985, shall be paroled until he has served at least forty calendar years, and no application for parole shall be made or considered during such period of forty years.[2]

---

1. In yet a third case Collins was convicted in the Jefferson County District Court of the felonies of criminal solicitation and intimidating a witness, both of which were committed on September 20, 1985, and was adjudicated an habitual criminal and sentenced to a term of life imprisonment consecutive to the sentences previously imposed in the Jefferson County District Court. That life sentence is not relevant to this appeal.

2. The 1985 version of section 17–22.5–104 quoted in the text became effective on July 1, 1985, ch. 145, sections 3 & 10, § 17–22.5–104, 1985 Colo.Sess.Laws 647, 648 & 654. On the date of the commission of the crimes on which Collins' habitual criminal adjudications and sentences were predicated—namely, April 9 and June 29, 1985—the pertinent statute stated that "[n]o in-

When Collins was transferred to the Department of Corrections (DOC) to commence service of the sentences, DOC determined that Collins would not be eligible for parole consideration until he served at least twenty calendar years on each life sentence. In September 1990, however, DOC reconsidered Collins' parole eligibility and determined that he would not be eligible for parole consideration until he served at least forty calendar years on the respective life sentences. The practical effect of the recomputation was to extend Collins' parole ineligibility by forty years—that is, an additional twenty years on the life sentences imposed in each of the Jefferson County cases.

In April 1991 Collins filed a pro se petition for writ of habeas corpus for the purpose of seeking judicial review of his recomputed parole eligibility. The district court issued the writ and set the matter for hearing on August 15, 1991. DOC moved to vacate the writ and the hearing on the basis that Collins was not then entitled to be discharged or otherwise eligible for release from custody. The district court denied the motion and, because DOC urged the court to treat Collins' petition as one for declaratory relief under C.R.C.P. 57, ruled on the merits of Collins' claim. The court determined that Colorado's habitual criminal statute, § 16–13–101(2), 8A C.R.S. (1986), did not disqualify Collins from any consideration for parole eligibility and also construed section 17–22.5–104(2)(b) to render Collins eligible for parole consideration after service of at least twenty calendar years on each of the consecutive life sentences.

In this appeal DOC first argues that the district court erred in issuing the writ of habeas corpus and conducting a hearing on the return of the writ because, in DOC's view, Collins was not entitled to discharge or otherwise eligible for release from confinement. DOC also contends that the court erred in its determination that Collins would be eligible for parole consideration after serving at least twenty calendar years on each of the life sentences. We address each of these claims in turn.

II.

■ In denying DOC's motion to vacate the writ of habeas corpus and the hearing on the return of the writ, the district court noted that "[t]he Attorney General has confessed of record that this issue [of Collins' eligibility for parole consideration] could be reached by the Court properly under Rule 57" and that it would "serve the interests of finality and judicial economy" to address Collins' claim in the matter then pending before the court. While we agree with DOC that a petition for writ of habeas corpus was not the proper remedy available to Collins under the circumstances of this case, we are convinced that the district court acted properly in accepting DOC's concession that Collins' petition should be treated as a claim for declaratory relief.

■ The purpose of a habeas corpus proceeding "is to determine whether the petitioner is being unlawfully detained by the respondent." *Kodama v. Johnson*, 786 P.2d 417, 419 (Colo.1990). A petitioner is entitled to a hearing on a petition for habeas corpus only if he makes a prima facie showing that his confinement is invalid. *Deason v. Kautzky*, 786 P.2d 420, 423 (Colo.1990). Section 13–45–101, 6A C.R.S. (1987), provides in this respect that "the court to which the application is made shall

mate imprisoned under a life sentence for a crime committed on or after July 1, 1977, shall be paroled until he has served at least twenty calendar years, and no application for parole shall be made or considered during such period of twenty years." Ch. 126, section 1, § 17–22.5–104(2)(b), 1984 Colo.Sess.Laws 517, 518. Thus, the 1985 version of section 17–22.5–104 quoted in the text did not change the date for consideration of parole eligibility for Collins, since he committed the underlying substantive crimes before July 1, 1985.

Section 17–22.5–104 was amended in 1991 to expressly address parole eligibility for an inmate sentenced to life imprisonment pursuant to an adjudication of habitual criminality. The present statute states that no such inmate so sentenced "for a crime committed on or after July 1, 1990, shall be paroled until such inmate has served at least forty calendar years, and no application for parole shall be made or considered during such period of forty years." Ch. 73, section 4, § 17–22.5–104(2)(d), 1991 Colo. Sess.Laws 402, 404.

forthwith award the writ of habeas corpus, unless it appears from the petition itself, or from the documents, that the party can neither be discharged nor admitted to bail nor in any other matter relieved." In the instant case, Collins did not assert any right to immediate release or discharge from his sentences, but instead he challenged DOC's recomputation of his parole eligibility on his life sentences. In light of the attorney general's concession that the district court should resolve Collins' claim under C.R.C.P. 57, we find no error in the district court's decision to accept that concession and to issue a declaratory judgment on Collins' eligibility for parole consideration under section 17–22.5–104(2).

## III.

■ With respect to Collins' eligibility for parole consideration, DOC initially argues that the habitual criminal statute, § 16–13–101(2), 8A C.R.S. (1986), which mandates a life sentence for a person adjudicated an habitual criminal on the basis of three prior felony convictions and makes no mention of parole eligibility, bars Collins from becoming eligible for parole consideration at any time. We reject DOC's argument.

The habitual criminal statute must be read in conjunction with section 17–22.5–105, 8A C.R.S. (1986), which states that the statutory provisions relating to parole eligibility in section 17–22.5–104 "shall apply to all offenders sentenced to [DOC]." We have previously acknowledged in *People v. Hernandez*, 686 P.2d 1325, 1330 (Colo. 1984), that "a person sentenced under the Colorado habitual criminal statute is eligible for parole." Although *Hernandez* was decided under a prior version of the parole statute, which stated that no offender imprisoned under a life sentence for "acts committed on or after July 1, 1977" shall be paroled "until he has served at least twenty calendar years," § 17–2–207, 8 C.R.S. (1978 & 1983 Supp.), there is nothing in the version of section 17–22.5–104 applicable to the instant case that dictates any different conclusion. We agree, therefore, with the district court that Collins, as an adjudicated habitual criminal sentenced to life imprisonment, is eligible for parole consideration in accordance with the provisions of section 17–22.5–104.

■ DOC alternatively argues that if section 17–22.5–104 is construed to apply to Collins' life sentences, the controlling date for purposes of determining Collins' eligibility for parole consideration is the date on which he was adjudicated an habitual criminal rather than the date of the commission of the underlying substantive offenses on which the habitual criminal adjudications and sentences were predicated. We find this argument also devoid of merit.

The habitual criminal statute does not create a new or independent crime, but merely defines the "circumstances wherein one found guilty of a specific crime may be more severely penalized because of his previous [criminal activities]." *Maestas v. District Court*, 189 Colo. 443, 445, 541 P.2d 889, 890 (1975) (brackets in original); *see also Casias v. People*, 148 Colo. 544, 546, 367 P.2d 327, 328 (1961); *Wright v. People*, 116 Colo. 306, 315, 181 P.2d 447, 451 (1947). The effect of an habitual criminal adjudication, therefore, is to increase the penalty for the underlying substantive felony to which the habitual criminal adjudication attaches. *People v. Thomas*, 189 Colo. 490, 496, 542 P.2d 387, 391 (1975). Section 17–22.5–104 leaves no doubt that it is the date of the commission of the substantive felony, rather than the date of the habitual criminal adjudication, that determines an offender's eligibility for parole consideration. Subsection (2)(b) of the statute expressly provides that no inmate imprisoned under a life sentence *"for a crime committed on or after July 1, 1977, but before July 1, 1985,* shall be paroled until he has served at least twenty calendar years." (emphasis added).

Collins was adjudicated an habitual criminal and sentenced to a term of life imprisonment for crimes committed in April and June of 1985. In light of the fact that the substantive offenses underlying his habitual criminal sentence were committed after July 1, 1977, and prior to July 1, 1985, the district court correctly concluded that, pur-

suant to section 17–22.5–104(2)(b), Collins will be eligible for parole consideration after serving twenty calendar years on each of his life sentences.

The judgment of the district court is accordingly affirmed.

