**Paul Luna VASQUEZ, Petitioner–Appellant,**

v.

**Aristedes ZAVARAS, Executive Director of the Colorado Department of Corrections; William E. Price, Superintendent of the Arkansas Valley Correctional Facility; Olah Murphy, Case Manager at the Arkansas Valley Correctional Facility; Donna Thurlow, Supervisor of the Time Computation Office for the Department of Corrections; and the Colorado Department of Corrections, Respondents–Appellees.**

No. 94SA132.

Supreme Court of Colorado,
En Banc.

April 3, 1995.

Rehearing Denied April 24, 1995.

Paul Luna Vasquez, pro se.

Gale A. Norton, Atty. Gen., Stephen K. ErkenBrack, Chief Deputy Atty. Gen., Timothy M. Tymkovich, Sol. Gen., Paul Farley, Deputy Atty. Gen., John August Lizza, Asst. Atty. Gen., Human Resources Section, Denver, for respondents.

Justice SCOTT delivered the Opinion of the Court.

The appellant, Paul Luna Vasquez, filed a petition for a writ of habeas corpus in the Crowley County District Court, seeking immediate release from custody, or, in the alternative, an order to show cause why he should remain in custody. The district court dismissed the petition for habeas corpus without holding a hearing, and denied the motion to show cause. Appearing pro se, Vasquez appeals the district court ruling. We affirm the judgment of the district court.

## I

The record on appeal consists mainly of the appellant's petition and attached copies of documents. As best we can ascertain from our review of the record,[1] Vasquez was convicted in 1977, following a jury trial, of manslaughter, a class 4 felony, § 18-3-104, 8 C.R.S. (1978); and of being an habitual offender, § 16-11-101(1), 8 C.R.S. (1973 & 1976 Supp.). *People v. Vasquez,* No. 76CR10204, (Weld County Dist.Ct. Sept. 22, 1977) (judgment of conviction, sentence and mittimus). He was sentenced to a term of not less than twenty-five years, nor more than forty years, imprisonment in the Colorado State Penitentiary. *Id.*

■ As the appellant points out, section 17-20-107, 8 C.R.S. (1978), which governed the allowance of good-time credits for persons convicted of crimes on and after September 1, 1935, was repealed in 1984. He also alleges that sections 17-22.5-301, 8A C.R.S. (1986) (good time), and 17-22.5-302, 8A C.R.S. (1986) (earned time), permit inmates to earn less good-time credits than repealed section 17-20-107. The appellant has further asserted that application of sections 17-22.5-301 and -302 to a person convicted in 1977 would violate due process and the prohibition against *ex post facto* legislation. The appellant claims that he is therefore entitled to immediate release since his sentence has been fully served.

■ The documents attached to the appellant's petition contradict this claim. He was sentenced in 1977 to a term of not less than twenty-five, nor more than forty years, imprisonment. The appellant has not, therefore, "fully served" his sentence.[2] Nor has

---

1. We accept the allegations of fact as true. However, appellant Vasquez provides very little detail and mostly argument as to interpretations of statutes and constitutional provisions, many of which are not relevant here.

2. In a "supplemental brief" filed in this court following the filing of the appellees' answer brief,

Vasquez asserts that he was paroled on September 10, 1988, "and is falsely imprisoned to this day on a parole revocation that is illegal." At the bottom of this claim is Vasquez's belief that his sentence was discharged as of October 28, 1990, and that the subsequent revocation of his parole was therefore illegal. The reason the appellant advances that his sentence was dis-

 

the appellant shown that he is entitled to mandatory parole. He does not refer to section 17–22.5–201, 8A C.R.S. (1986) (good time credit allowable), enacted in 1984, which is substantially similar to former section 17–20–107, and which explicitly applies to offenders sentenced for crimes committed prior to July 1, 1979. Sections 17–22.5–301(1) and –302(3), on the other hand, apply to offenses committed on or after July 1, 1979.

■ The appellant has not articulated a basis in fact as to why he is entitled to immediate release from custody, either supporting his claim that he has served his full sentence, which he has not, or that he is entitled to mandatory parole. Cf. *Thiret v. Kautzky*, 792 P.2d 801, 808 (Colo.1990). An inmate's claim that he has been improperly denied credit for good time which would result in an earlier parole date is not grounds for habeas relief. *Pearson v. Diesslin*, 848 P.2d 364, 365 (Colo.1993). Moreover, an appellant is entitled to a hearing on a petition for habeas corpus only if the petitioner makes a prima facie showing that the questioned confinement is invalid. *Brant v. Fielder*, 883 P.2d 17, 21 (Colo.1994); *Collins v. Gunter*, 834 P.2d 1283, 1285 (Colo.1992). This Vasquez has not done. Hence, the judgment of the district court dismissing the appellant's petition for writ of habeas corpus, without a hearing, must be affirmed. For the same reason, the district court properly denied the appellant's motion to show cause.

## II

Because it appears on the face of the appellant's petition and supporting documents that he is not entitled to habeas corpus relief, the district court properly denied the petition without a hearing. Accordingly, the judgment of the district court is affirmed.

---

charged in 1990 is based on his incorrect interpretation of § 16–11–304(2)(a), 8 C.R.S. (1973), which provided:

> (2)(a) When a person has been convicted of a class 4 or class 5 felony, the court shall not, except as provided in sections 16–11–101(1)(d) and 16–11–309, fix a minimum time of confinement to be served by the convict but shall fix a maximum period of time beyond which he shall not be imprisoned, which maximum sentence shall be no more than the maximum penalty provided by law for the offense of which he was convicted *nor no less than one-*

*third of the maximum penalty provided by law for the offense of which he was convicted.*
(Emphasis added.) Vasquez assumes that the emphasized portion of this statute means that the maximum period of time that he could be required to actually serve is one-third of the sentence given to him in the judgment of conviction, sentence and mittimus. In fact, the emphasized part of the above section only requires that the maximum sentence that Vasquez could be given cannot be *less* than one-third of the maximum sentence provided by law for the offense of which Vasquez was convicted.