**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JUN 2 1999**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

PAUL LUNA VASQUEZ,

        Petitioner - Appellant,

v.

DONICE NEAL and ATTORNEY
GENERAL OF THE STATE OF
COLORADO,

        Respondents - Appellees.

Nos. 98-1447 and 98-1482

(D. Colorado)

(D.C. No. 95-S-2966)

---

**ORDER AND JUDGMENT** *

---

Before **ANDERSON** , **KELLY** , and **BRISCOE** , Circuit Judges.

---

After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist the determination of

this appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is

therefore ordered submitted without oral argument.

---

*This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

In these two consolidated appeals, Paul Luna Vasquez seeks certificates of probable cause [1] which would enable him to appeal two final orders of the district court. In Appeal No. 98-1447, Vasquez seeks to appeal from the district court's order denying his habeas corpus petition, filed pursuant to 28 U.S.C. § 2254. In Appeal No. 98-1482, Vasquez seeks to appeal from the district court's order denying his Fed. R. Civ. P. 60(b) motion. That motion sought relief from (1) the order and judgment denying his habeas petition, and from (2) another order of the district court holding that Vasquez's "Motion for Certificate of Appealability," [2] which the district court construed as also including a notice of appeal, was untimely filed. We conclude that we are without jurisdiction to consider Appeal No. 98-1447. With respect to Appeal No. 98-1482, we conclude that Vasquez has not made a "substantial showing of the denial of [a] federal right," Barefoot v. Estelle, 463 U.S. 880, 893 (1983) (citation omitted), and therefore deny his request for a certificate of probable cause.

## BACKGROUND

[1]Vasquez's habeas petition was filed on November 29, 1995, well before the passage of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub. L. No. 104-132, 110 Stat. 1214 (1996). Therefore, the provisions of the AEDPA do not apply to Vasquez's case.

[2]Vasquez should properly have sought a certificate of probable cause, rather than a certificate of appealability, because, as noted above, his habeas petition was filed before the enactment of the AEDPA.

In 1975, Vasquez was convicted in Colorado state court of second-degree assault, for which he was sentenced to 0-10 years' imprisonment, and first-degree perjury, for which he was sentenced to 5 years' imprisonment. He was paroled on August 16, 1976.

Less than one year later, his parole was revoked because he was charged with and subsequently convicted of manslaughter. He was adjudicated a habitual criminal, and was sentenced to a term of 25-40 years' imprisonment. He was paroled again, however, on September 10, 1988. At that time, Vasquez had served 10 years, 11 months, and 18 days of the manslaughter sentence. In addition, he had been awarded 14 years, 7 months, and 19 days of good time credits toward his sentence. Therefore, he had received 25 years, 7 months, and 7 days credit toward discharge of his 25-to-40-year sentence.

Approximately three years later, in December 1991, Vasquez's parole was again revoked, due to charges of possession of a controlled substance. Vasquez originally pled guilty to four counts of possession, and was sentenced to 6 years' imprisonment, with the sentence to run concurrently with the 25-to-40-year sentence on which he had been paroled. Vasquez withdrew this guilty plea, however, and was later convicted by a jury of four counts of possession. He was sentenced to twelve years' imprisonment on each count, with the sentences to run

concurrent to each other but consecutive to the 25-to-40-year manslaughter sentence.

Vasquez was not awarded good time credit—or any other kind of credit—on his manslaughter sentence during the time he was on parole between 1988 and 1991. The Colorado statute relating to the issuance of good time credits while on parole, Colo. Rev. Stat. § 17-2-206, was repealed in 1984. The crux of Vasquez's habeas petition is his argument that his manslaughter sentence should have expired on April 2, 1991, some eight months before his parole was revoked.

Vasquez first filed a claim for post-conviction relief in Colorado state court. The state district court denied the petition in February 1994, and the Colorado Supreme Court affirmed the denial on April 3, 1995. Vasquez v. Zavaras, 893 P.2d 105 (Colo. 1995).

On November 29, 1995, Vasquez filed a § 2254 petition in the district court. His petition alleges that the application of the new Colorado parole statute, rather than the statute in effect at the time he was sentenced, constituted a denial of his right to due process of law and equal protection of the laws, and violated the constitutional prohibition against ex post facto laws. Vasquez acknowledged that he is not entitled to release from custody, in view of his four concurrent 12-year sentences for possession of a controlled substance. However, Vasquez

sought "relief in the form of a declaration that he has completed his 1977 sentence, and did so while on parole." Petitioner's Br. at 9.

The district court assigned the case to a magistrate judge, who, on January 5, 1996, issued a report recommending that the district court dismiss Vasquez's habeas petition on res judicata grounds, because Vasquez had raised and previously litigated similar issues in separate § 1983 actions against prison officials. The district court adopted the disposition of the magistrate judge in an order issued on February 23, 1996. Vasquez appealed, and we directed the district court to vacate its order dismissing Vasquez's petition and to adjudicate the petition on its merits, so long as Vasquez had exhausted state remedies. Vasquez v. Neal, No. 96-1083, slip op. (10th Cir. July 3, 1996); R. Doc. 26.

On October 14, 1997, after appointing counsel to represent Vasquez and after holding an evidentiary hearing, the magistrate judge issued a report addressing the merits of Vasquez's habeas petition. The magistrate judge found that the application of the new parole scheme did not violate the constitutional prohibition against ex post facto laws, and did not violate any other provision of the Constitution. Accordingly, the magistrate judge recommended that the district court deny Vasquez's petition. On September 16, 1998, the district court adopted the disposition of the magistrate judge and denied Vasquez's petition. Judgment was entered in the case on September 17, 1998.

While the case was pending before the district court, Vasquez apparently became impatient at the pace with which the district court was proceeding, and on August 31, 1998, filed a petition for a writ of mandamus with this court. Vasquez sought an order directing the district court to proceed with his case. On September 18, 1998, unaware that the district court had only the previous day entered judgment in the case, we ordered the government to respond to Vasquez's petition for writ of mandamus. On September 28, 1998, the government filed a brief with this court. On October 27, 1998, having been notified through the briefs that the district court had already acted in this matter, we dismissed the petition for writ of mandamus as moot.

On November 2, 1998, forty-six days after judgment was entered, Vasquez filed a document captioned "Motion for Certificate of Appealability" with the district court. R. Doc. 67. Because no separate notice of appeal had been filed, the district court treated the document "as if it include[d] a notice of appeal." R. Doc. 69, at 1. The district court denied Vasquez's request for a certificate, and construed the document as an untimely notice of appeal, noting that the document had not been filed within 30 days of entry of judgment, as required by Fed. R. App. P. 4(a).

On December 15, 1998, counsel for Vasquez filed a motion seeking relief from the district court's order and judgment denying the habeas petition, and from

the order and judgment construing Vasquez's November 2, 1998, filing as an untimely notice of appeal. Vasquez argued that relief was proper under Fed R. Civ. P. 60(b) and Fed. R. App. P. 4(a)(5), because, in light of the mandamus petition pending before this court at the time the district court entered judgment denying Vasquez's petition, Vasquez's failure to file a timely notice of appeal constituted a mistake or excusable neglect. Specifically, Vasquez stated that "[i]t was counsel's understanding and belief that . . . because the matter was under consideration in the Tenth Circuit Court of Appeals . . . , the time for filing the Notice of Appeal . . . was tolled." R. Doc. 74, at ¶ 14. Vasquez asked the district court to vacate its original judgment, issued September 17, 1998, and reissue it at a later date, which would allow Vasquez to file a timely notice of appeal.

On December 22, 1998, the district court denied Vasquez's Rule 60 motion, finding no excusable neglect in counsel's failure to file a timely notice of appeal.

Vasquez now appeals from both the district court's denial of his habeas corpus petition, and from the district court's denial of his motion for Rule 60(b) relief.

# DISCUSSION

## I. Appeal No. 98-1447

Fed. R. App. P. 4(a)(1)(A) provides that "the notice of appeal . . . must be filed with the district clerk within 30 days after the judgment or order appealed from is entered." In this case, judgment was entered on September 17, 1998; Vasquez had until October 17, 1998 to file a notice of appeal. Vasquez, however, filed nothing until November 2, 1998, when his "Motion for Certificate of Appealability" was filed, which the district court construed as a joint motion for certificate of probable cause and a notice of appeal.

Fed. R. App. P. 4(a)(5) provides that "[t]he district court may extend the time to file a notice of appeal if: (i) a party so moves no later than 30 days after the time prescribed by this Rule 4(a) expires; and (ii) that party shows excusable neglect or good cause." All requests for extensions of time under Fed. R. App. P. 4(a)(5) must be filed with the district court, not the court of appeals. See Savage v. Cache Valley Dairy Ass'n, 737 F.2d 887, 889 (10th Cir. 1984). Thus, Vasquez had until November 16, 1998, to file any request for an extension of time to file his notice of appeal. Vasquez's document filed on November 2, 1998, even construed liberally, did not contain a request for extension of time. Perhaps Vasquez's Rule 60(b) motion, filed December 15, 1998, could be construed as a Rule 4(a)(5) motion for extension of time, but that motion was not filed on or before November 16.

"[T]he time periods established by Fed. R. App. P. 4 are 'mandatory and jurisdictional.'" Senjuro v. Murray , 943 F.2d 36, 37 (10th Cir. 1991) (quoting Browder v. Department of Corrections , 434 U.S. 257, 264 (1978)); see also Gooch v. Skelly Oil Co. , 493 F.2d 366, 368 (10th Cir. 1974) (stating that "[a] court of appeals acquires jurisdiction of an appeal only upon the filing of a timely notice of appeal and this requirement is mandatory and jurisdictional"). Because Vasquez did not file a timely notice of appeal, or even a timely request for extension of time, we are without jurisdiction to hear his appeal.

## II.    Appeal No. 98-1482

Because the district court's order denying Vasquez's Rule 60(b) motion was filed on December 22, 1998, and Vasquez filed a notice of appeal on December 23, 1998, well within the 30-day period, we have jurisdiction to consider Appeal No. 98-1482. In the Rule 60(b) motion, Vasquez argued, as discussed above, that his failure to file a timely notice was excused by the "extraordinary circumstances" of the pending mandamus petition, and he asked the district court to vacate its September 17, 1998, judgment and reissue it. R. Doc. 74, at ¶ 31. We have approved of this type of Rule 60(b) relief in appropriate cases. See Wallace v. McManus , 776 F.2d 915, 917 (10th Cir. 1985).

Because "[w]e review . . . the disposition of Rule 60(b) motions for an abuse of discretion," Woodworker's Supply, Inc. v. Principal Mut. Life Ins. Co., 170 F.3d 985, 992 (10th Cir. 1999), and because a certificate of probable cause should issue only when a habeas petitioner has made a "substantial showing of the denial of [a] federal right," Barefoot, 463 U.S. at 893 (citation omitted), "a certificate of probable cause to appeal the denial of [a] Rule 60(b) motion should issue only if [the petitioner] has made a substantial showing that the district court abused its discretion by denying the Rule 60(b) motion," Lindsey v. Thigpen, 875 F.2d 1509, 1512 (11th Cir. 1989); see also Lynch v. Blodgett, 999 F.2d 401, 402-03 (9th Cir. 1993). [3]

We note also that "Rule 60(b) is not intended to be a substitute for a direct appeal." Cashner v. Freedom Stores, Inc., 98 F.3d 572, 576 (10th Cir. 1996); see also Halicki v. Louisiana Casino Cruises, Inc., 151 F.3d 465, 471 (5th Cir. 1998) (stating that "Rule 60(b) is not a substitute for a timely appeal" and "[c]ourts should not grant relief when the moving party has not been diligent in protecting its own rights by filing an appeal from an adverse judgment" (citation omitted));

---

[3]Had Vasquez's habeas petition been filed after the passage of the AEDPA, our inquiry would be simpler. The updated version of 28 U.S.C. § 2253 allows certificates of appealability to issue only upon a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2) (emphasis added). We have since held that certificates of appealability may not issue for violations of federal statutes or federal rules, but only for violations of constitutional rights. See United States v. Gordon, 172 F.3d 753 (10th Cir. 1999).

United States v. O'Neil, 709 F.2d 361, 373 (5th Cir. 1983) (stating that "[e]xcept in truly extraordinary cases, Rule 60(b) relief should not be used to extend the time for appeal").

Vasquez grounded his motion in Rule 60(b)(1) and Rule 60(b)(6). See R. Doc. 74, at ¶ 31. Rule 60(b)(1) allows a court to grant relief from a judgment for "mistake, inadvertence, surprise, or excusable neglect." Vasquez argues that, because of the pending mandamus petition, his failure to file a timely notice of appeal constituted a mistake or excusable neglect. However, "Rule 60(b)(1) relief is not available for a party who simply misunderstands the legal consequences of his deliberate acts." Cashner, 98 F.3d at 577; see also Pelican Prod. Corp. v. Marino, 893 F.2d 1143, 1146 (10th Cir. 1990) (stating that "[c]arelessness by a litigant or his counsel does not afford a basis for relief under Rule 60(b)(1)"). Indeed, "attorney error based on a misunderstanding of the law [is] an insufficient basis for excusing a failure to comply with a deadline." Advanced Estimating Sys., Inc. v. Riney, 130 F.3d 996, 998 (11th Cir. 1997) (also stating that "no circuit that has considered the issue . . . has held that an attorney's failure to grasp the relevant procedural law is 'excusable neglect'"). Vasquez and his attorney should not have assumed that the 30-day notice of appeal period did not start to run until the mandamus proceedings were completed. This type of misunderstanding "is not the sort of mistake on which . . . Rule 60(b)[(1)] relief

could be based." O'Neil, 709 F.2d at 373. The district court did not abuse its discretion in determining that this action was not excusable neglect.

Rule 60(b)(6) is a catch-all provision which allows a court to grant relief from a judgment for "any other reason justifying relief from the operation of the judgment." However, this "grand reservoir of equitable power," Pierce v. Cook & Co., 518 F.2d 720, 722 (10th Cir. 1975) (en banc) (citations omitted), may be invoked only "in extraordinary circumstances and only when necessary to accomplish justice." Cashner, 98 F.3d at 579. For instance, courts have granted relief under Rule 60(b)(6) "when, after entry of judgment, events not contemplated by the moving party render enforcement of the judgment inequitable," id. (citing cases); where the moving party is an indigent, unrepresented litigant, see Pelican Prod. Corp., 893 F.2d at 1147 (citing cases); or for other extraordinary reasons. No such compelling reasons exist in this case. "[T]he broad power granted by clause (6) is not for the purpose of relieving a party from free, calculated and deliberate choices he has made. A party remains under a duty to take legal steps to protect his own interests." Cashner, 98 F.3d at 580 (citation omitted). We find no abuse of discretion in the district court's decision not to grant Vasquez relief under Rule 60(b)(6).

-13-

Accordingly, we conclude that Vasquez has failed to make a substantial showing that the district court abused its discretion by denying the Rule 60(b) motion.

## CONCLUSION

For the foregoing reasons, we conclude that we are without jurisdiction to hear Appeal No. 98-1447, and we DISMISS that appeal. In addition, with respect to Appeal No. 98-1482, we conclude that Vasquez has failed to make a substantial showing of the denial of a federal right, and we therefore DENY his request for a certificate of probable cause and DISMISS that appeal.

ENTERED FOR THE COURT


Stephen H. Anderson
Circuit Judge