The PEOPLE of the State of Colorado,
Plaintiff–Appellee,

v.

Richard Arthur YOUNG, Defendant–
Appellant.

No. 96CA0775.

Colorado Court of Appeals,
Div. II.

Feb. 18, 1999.

As Modified on Denial of Rehearing
April 15, 1999.

Certiorari Denied Nov. 15, 1999.

Gale A. Norton, Attorney General, Martha Phillips Allbright, Chief Deputy Attorney General, Richard A. Westfall, Solicitor General, Katherine A. Hansen, Assistant Attorney General, Denver, Colorado, for Plaintiff-Appellee.

David F. Vela, Colorado State Public Defender, Anthony Viorst, Deputy State Public Defender, Denver, Colorado, for Defendant-Appellant.

Opinion by Judge CRISWELL.

Defendant, Richard Arthur Young, appeals from the judgment of conviction entered on a jury verdict finding him guilty of second degree murder. We affirm the judgment of conviction but vacate the sentence and remand for resentencing.

## I.

Defendant first argues that the trial court erred by denying his motion to suppress evidence obtained as the result of an allegedly unlawful arrest and search. We disagree.

To be constitutionally proper, the issuance of a search warrant must be based upon probable cause supported by oath or affirmation particularly describing the place to be searched and the objects to be seized. *People v. Meraz,* 961 P.2d 481 (Colo.1998).

Probable cause for a search warrant exists if the affidavit submitted in support of the warrant alleges sufficient facts to cause a person of reasonable caution to believe that contraband or other evidence of criminal activity is located at the place to be searched. *People v. Meraz, supra.* Probable cause for an arrest warrant exists if there are reasonable grounds to believe that the defendant participated in the crime in question. *Banks v. People,* 696 P.2d 293 (Colo. 1985).

Whether facts in an affidavit establish probable cause depends "not on a rigid set of legal rules but on a practical, nontechnical totality of the circumstances approach." *People v. Abeyta,* 795 P.2d 1324, 1327 (Colo. 1990). In assessing whether an affidavit establishes probable cause, a court can consider only that information that is contained within the four corners of the affidavit. *People v. Meraz,* supra.

The duty of a court reviewing a magistrate's determination of probable cause is to ensure only that the magistrate had a substantial basis for concluding that probable cause existed. *People v. Leftwich,* 869 P.2d 1260 (Colo.1994). "[D]oubts must be resolved in favor of magistrates' determinations of probable cause." *People v. Abeyta, supra,* 795 P.2d at 1327.

Here, the warrants for defendant's arrest and the search of his truck were based on the same affidavit. That affidavit alleged the following facts:

On May 25, 1995, the victim's body was discovered under a pile of brush on a ranch

in Pueblo County. A coroner's examination revealed that he had been shot in the head twice with a .22 caliber firearm.

A detective had contacted the victim's girlfriend in Texas. The girlfriend told the detective that the victim and defendant had left Texas together the week before and were planning to drive defendant's truck to New Mexico to see the victim's brother. She also described defendant's truck and told the detective that the victim had a .22 caliber revolver in his possession when he left Texas with defendant.

The detective contacted the victim's brother in New Mexico. The brother told the detective that the victim and defendant had come to his house on May 22, 1995, and left that evening. Defendant had told the victim's brother that he had pawned various items of personal property in order to raise money with which to buy a "load of dope" that he intended to take to a ranch in Pueblo, Colorado, where he had previously worked. The two men had told the brother they were headed to Estes Park, Colorado. The brother told the detective that the two men left in defendant's truck and that the victim had a .22 caliber revolver (the brother's descriptions of the gun and truck matched those previously provided by the victim's girlfriend).

The detective contacted the owner of the Pueblo ranch at which the victim's body was found. The ranch owner confirmed that defendant had worked on his ranch the year before, and upon inquiry by the detective, defendant's daughter corroborated this information.

The detective had also contacted defendant's former brother-in-law, a police officer in Texas. He told the detective that defendant had "a violent past and was involved in a near death shooting situation" for which he was not convicted. He also told the detective that defendant had "a severe drug and alcohol problem and also has been known to carry numerous weapons."

On May 26, 1995, the detective contacted Estes Park police officers and learned that defendant had been seen in Estes Park that same day. Through a computer check of motor vehicle records, the detective was able to verify that defendant owned a truck similar to that described by the victim's brother and girlfriend.

On the basis of the foregoing information contained in the affidavit, the district court issued a warrant for defendant's arrest, as well as a second warrant authorizing the police to search defendant's truck for a .22 caliber handgun and traces of blood.

Pursuant to the warrant, defendant was arrested in Estes Park. His truck was seized and sealed. The next day, Pueblo police officers arrived in Estes Park and conducted a search of the truck pursuant to the warrant. Among other things, the officers discovered a .22 caliber handgun loaded with 6 live bullets, a box of .22 ammunition missing eight bullets, a bag of marijuana, and items of property belonging to the victim. In addition, defendant's blood-stained pants were seized (subsequent DNA testing revealed that the blood was that of the victim).

The trial court denied defendant's motion to suppress, concluding that the facts set forth in the affidavit established probable cause both to arrest defendant and to search his truck.

## A.

■ On appeal, defendant argues that the facts contained in the affidavit did not establish probable cause either to arrest him or to search his truck. For purposes of analysis only, we will assume that defendant is correct. Nevertheless, we uphold the trial court's ruling denying defendant's motion to suppress under the good faith exception to the exclusionary rule recognized in *United States v. Leon*, 468 U.S. 897, 104 S.Ct. 3405, 82 L.Ed.2d 677 (1984), and codified at § 16–3–308, C.R.S.1998. *See People v. Brooks*, 950 P.2d 649 (Colo.App.1997)(reversal not required if appellate court can approve admission of evidence on grounds different from grounds on which evidence was admitted at trial).

■ Under the good faith exception, suppression is not required if it was objectively reasonable for an officer to rely upon a warrant that is subsequently determined to be

deficient. *People v. Altman*, 960 P.2d 1164 (Colo.1998)(police officers are not appellate judges and the determination by an appellate court that a warrant is invalid does not mean that a police officer's reliance upon that warrant was objectively unreasonable). If no reasonable officer would have relied upon the warrant, then objective good faith is absent, and the good faith exception offers no shelter. *People v. Leftwich, supra.*

In *Leon,* the United States Supreme Court suggested that an officer's reliance on a warrant would not be objectively reasonable and, therefore, not in good faith if the affidavit is so lacking in indicia of probable cause that official belief in its existence is unreasonable, *i.e.,* the affidavit is a "bare bones" affidavit. A bare bones affidavit is one that contains only conclusory statements devoid of facts from which a magistrate can independently determine probable cause. *People v. Altman, supra.*

The affidavit here was much more than a "bare bones" affidavit. The officers had no reason to question the reliability of the sources who provided the information contained in the affidavit, and it was not unreasonable for them to believe that the information in the affidavit established probable cause to believe that defendant participated in the murder and had incriminating evidence in his truck.

Accordingly, because the officers' reliance on the warrants was objectively reasonable, the good faith exception to the exclusionary rule applies, and the trial court's ruling denying defendant's motion to suppress must be sustained.

### B.

Alternatively, defendant contends that the arrest warrant was an invalid anticipatory warrant because the issuing judge included some conditional language in that warrant suggesting that defendant might have to be released if the search of his truck failed to reveal any inculpatory evidence. The People assert, and defendant does not dispute, that this claim was not raised in the trial court. Accordingly, we decline to address it. See *People v. Jansen*, 713 P.2d 907

(Colo.1986) (fn. 8) (a defendant's motion to suppress "should state with reasonable specificity the legal grounds upon which the motions are based" so as to "put the prosecution on notice of the contentions it must be prepared to meet at a suppression hearing and to inform the court of the issues to be decided"); *People v. Gouker,* 665 P.2d 113 (Colo.1983)(defendant failed to contest the validity of the warrant at the suppression hearing; therefore, he cannot raise the issue on appeal).

### II.

Defendant next claims that the trial court erred by admitting evidence showing that he purchased marijuana which he and the victim intended to resell. We conclude this evidence was properly admitted as *res gestae* evidence.

Evidence of other offenses or acts that form part of the criminal episode or transaction with which a defendant is charged is admissible to provide the factfinder with a full understanding of the events surrounding the crime. *People v. Quintana,* 882 P.2d 1366 (Colo.1994). Such *res gestae* evidence includes criminal conduct that is part and parcel of the crime charged or provides a background for the offense. *People v. Allen,* 944 P.2d 541 (Colo.App.1996).

*Res gestae* evidence need not meet the procedural requirements of evidence introduced pursuant to CRE 404(b). Before admitting *res gestae* evidence, however, the trial court must find that its probative value is not substantially outweighed by the danger of unfair prejudice. *People v. Rollins,* 892 P.2d 866 (Colo.1995).

A trial court's determination on the admissibility of *res gestae* evidence will not be reversed unless the trial court abused its discretion. *People v. Moore,* 902 P.2d 366 (Colo.App.1994), *aff'd. on other grounds,* 925 P.2d 264 (Colo.1996).

Here, the trial court concluded that evidence concerning the marijuana was admissible because it was interrelated with the facts surrounding the murder. The court found that, without the evidence of the marijuana,

there would be no context for the jury to consider the other evidence. The court also concluded, implicitly, that the evidence would not be unfairly prejudicial to defendant.

We perceive no abuse of discretion in the trial court's ruling. The evidence concerning the marijuana was inextricably interwoven with the facts of the murder and was relevant to the jury's understanding of why defendant and the victim were travelling together and why they may have had a falling out that ended violently.

Because we conclude this evidence was properly admitted as *res gestae*, we necessarily reject defendant's claim that a limiting instruction was required. *People v. Rollins, supra.*

## III.

■ Defendant next argues that the trial court abused its discretion by denying his motion for a new trial based on newly discovered evidence. We are not persuaded.

■ To succeed on a motion for a new trial on this ground, a defendant must show that: (1) the evidence was discovered after the trial; (2) defendant exercised due diligence to discover all possible evidence favorable to him or her prior to and during trial; (3) the newly discovered evidence is material to the issues involved, and not merely cumulative or impeaching; and (4) the newly discovered evidence would probably produce an acquittal on retrial. *People v. Gutierrez*, 622 P.2d 547 (Colo.1981).

Here, defendant filed a motion for new trial alleging that, after he was convicted, he recalled for the first time that he had an alibi witness for most of the time between the afternoon of May 23, 1995, and the morning of May 25, 1995.

The trial court denied defendant's motion, finding that this evidence probably would not have resulted in an acquittal and that it was available to the defense prior to trial. The record supports both of these findings.

Defendant was arrested soon after the murder occurred and had every reason at that time to recall his whereabouts over the course of the previous few days. Further-more, the alibi witness testified that he did not know where defendant was after the morning of May 25th and the evidence at trial established that the victim could have been killed anytime on May 25th prior to the time his body was discovered that afternoon. Accordingly, we conclude the trial court acted within its discretion in denying defendant's motion for a new trial.

## IV.

■ Defendant finally contends that the trial court abused its discretion by sentencing him to 45 years in the custody of the Department of Corrections. In doing so, the court emphasized defendant's lack of remorse. However, because the sentencing court appears to have relied upon defendant's failure to express some remorse, inferred from his decision to invoke his right of silence, both at trial and at sentencing, we conclude that reliance upon this lack of expression of remorse was improper. Accordingly, we vacate the sentence and remand for resentencing.

■ The constitutional privilege against self-incrimination is applicable during sentencing. *Steinberger v. District Court*, 198 Colo. 59, 596 P.2d 755 (1979). Thus, if a defendant maintains his innocence and invokes his right against self-incrimination both at trial and at sentencing, a trial court cannot constitutionally consider his lack of an expression of remorse as an aggravating circumstance. *See State v. Tinajero*, 188 Ariz. 350, 935 P.2d 928 (Ariz.Ct.App.1997)(when defendant maintains his innocence through sentencing, his failure to acknowledge guilt is irrelevant to the sentencing determination, and aggravation of his sentence on the basis of lack of expression of remorse offends Fifth Amendment privilege against self-incrimination); *Brake v. State*, 113 Nev. 579, 939 P.2d 1029 (1997) (sentencing court's consideration of defendant's lack of expression of remorse for committing murder violated defendant's constitutional right against self-incrimination and was abuse of discretion).

Here, defendant invoked his right to remain silent before trial, at trial, in his presentence interview, and at sentencing. Con-

sequently, he had no opportunity to express remorse. Yet, at sentencing, the trial court emphasized defendant's lack of remorse in explaining why a 45–year sentence was appropriate:

There has been no indication of any remorse for this. There's been no remorse. There's been nothing in this. The remorse – lack of remorse is remarkable because he was a friend that you had prevailed upon to help you in this criminal endeavor, and he ended up being executed.

It is generally true that, if the sentencing court imposes a sentence in the aggravated range based upon two or more factors and at least one of those factors may legitimately be considered by the court and supports the imposition of that sentence, the fact that the court also considered an illegitimate factor will not vitiate that sentence. *People v. Broga*, 750 P.2d 59 (Colo.1988). *See also People v. Leske*, 957 P.2d 1030 (Colo. 1998); *People v. Smith*, 881 P.2d 385 (Colo. App.1994).

At the same time, however, if a reviewing court determines that a trial court has committed an error of constitutional dimension, the trial court's judgment must be reversed unless the reviewing court is convinced beyond a reasonable doubt that such error was harmless. *Bartley v. People*, 817 P.2d 1029 (Colo.1991).

Finally, sentencing is, by its very nature, a discretionary function. *People v. Blizzard*, 852 P.2d 418 (Colo.1993). Consequently, a sentencing court may choose from a wide range of specific sentences in any case without committing an abuse of its discretion.

Given all of these relevant, but sometimes conflicting, considerations, we conclude that, if, as here, a sentencing court relies upon a factor that it is constitutionally prohibited from considering, then such reliance may be characterized as harmless and the sentence imposed may be affirmed only if the record clearly supports the conclusion that the trial court would have imposed the same sentence even had it not considered the constitutionally illegitimate factor. *See State v. Tinajero, supra,*

Based on our review of the record here, we cannot conclude that the trial court would have imposed the same sentence had it not considered this improper factor. Accordingly, we must remand the cause to the trial court with directions that it resentence defendant, without considering any lack of remorse that might be inferred from defendant's silence. *See State v. Tinajero, supra.*

The judgment is affirmed, the sentence is vacated, and the cause is remanded for resentencing consistent with the views expressed in this opinion.

Judge CASEBOLT and Judge VOGT concur.