F I L E D
United States Court of Appeals
Tenth Circuit

APR 5 2005

PATRICK FISHER
Clerk

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

RICHARD ARTHUR YOUNG,

        Petitioner - Appellant,

v.

GARY NEET, Warden FCF, and
ATTORNEY GENERAL OF THE
STATE OF COLORADO,

        Respondents - Appellees.

No. 04-1441

(D.C. No. 03-Z-785 (BNB)

(D. Colorado)

**ORDER**

Before **SEYMOUR**, **HARTZ**, and **McCONNELL**, Circuit Judges.

Pro se Applicant Richard Arthur Young was convicted of second-degree murder in Colorado state court. *Colorado v. Young*, 987 P.2d 889, 891 (Colo. App. 1999). On May 1, 2003, he filed an Application for a Writ of Habeas Corpus in the United States District Court for the District of Colorado. He sought relief on several grounds: (1) unconstitutional arrest and search warrants; (2) denial of due process because the trial court admitted evidence of a marijuana transaction and did not provide a limiting instruction; (3) failure of the trial court to consider alternative theories of the case; (4) insufficient evidence of guilt; (5) denial of due process because the trial court refused to grant a new trial on the

basis of his newly discovered alibi witness; and (6) an excessive sentence. The district court, adopting the magistrate judge's recommendation, denied the application on the merits as to claims one and two. Because claims three through five were not exhausted in state proceedings, the district court held that federal habeas review was barred. It also noted that Applicant's attempt to raise *Blakely v. Washington*, 124 S. Ct. 2531 (2004), in his objections to the magistrate judge's recommendations was futile because his failure to raise it in his initial Application waived the claim and *Blakely* is not retroactive on collateral appeal. The district court subsequently denied Applicant's request for a certificate of appealability (COA), *see* 28 U.S.C. 2253(c)(1) (requiring a COA), and his request for leave to proceed *in forma pauperis* under 28 U.S.C. § 1915.

Applicant raises five issues in his application to us for a COA: (1) denial of due process because the trial court admitted evidence of a marijuana transaction and did not provide a limiting instruction; (2) denial of due process because the trial court refused to grant a new trial on the basis of his newly discovered alibi witness; (3) insufficient evidence of guilt; (4) his sentence violates *Apprendi v. New Jersey*, 530 U.S. 466 (2000), and *Blakely*; and (5) his 40-year sentence "is irrational and violates [his] rights." Because no jurist of reason would disagree with the district court's assessment of Applicant's claims, we deny the application and dismiss the appeal.

"A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "Where a district court has rejected the constitutional claims on the merits," the prisoner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

The inquiry differs, however, if the petition is denied on procedural grounds. "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. . . . Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further." *Id.*

In both instances we recognize that in determining whether to issue a COA, a "full consideration of the factual or legal bases adduced in support of the claims" is not required. *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003). Instead,

the decision must be based on "an overview of the claims in the habeas petition and a general assessment of their merits." *Id.*

Finally, the Antiterrorism and Effective Death Penalty Act (AEDPA) establishes deferential standards of review of a state court's factual findings and legal conclusions. "AEDPA . . . mandates that state court factual findings are presumptively correct and may be rebutted only by 'clear and convincing evidence.'" *Saiz v. Ortiz*, 392 F.3d 1166, 1175 (10th Cir. 2004) (quoting 28 U.S.C. § 2254(e)(1)). If the federal claim was adjudicated on the merits in the state court, "we may only grant federal habeas relief if the habeas petitioner can establish that the state court decision 'was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States,' or 'was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceedings.'" *Id.* (quoting 28 U.S.C. §§ 2254(d)(1) and (2)). Furthermore, our concern is only whether the state court's result, not its rationale, is clearly contrary to or unreasonable under federal law. *Id.* at 1176.

In considering the merits of Applicant's first contention—that the Colorado trial court erred in admitting the marijuana evidence—the operative question is "whether, considered in light of the entire record, its admission resulted in a fundamentally unfair trial." *Knighton v. Mullin*, 293 F.3d 1165, 1171 (10th Cir.

-4-

2002).  We do not set aside the state court's rulings admitting evidence of "prior crimes, wrongs or acts unless the probative value of such evidence is so greatly outweighed by the prejudice flowing from its admission that the admission denies defendant due process of law." *Id.* (internal quotation marks omitted).  The Colorado Court of Appeals upheld the trial court's admission of the evidence because "[t]he evidence concerning the marijuana was inextricably interwoven with the facts of the murder and was relevant to the jury's understanding of why defendant and the victim were travelling together and why they may have had a falling out that ended violently." *Young*, 987 P.2d at 894.  The court also ruled that a limiting instruction was unnecessary. *Id.*  The Colorado court's disposition of the issue was neither unreasonable under nor clearly contrary to federal law.

Applicant's second claim—denial of due process because the trial court refused to grant a new trial on the basis of his newly discovered alibi witness—is, as noted by the district court, unexhausted because he failed to raise it in his petition for a writ of certiorari to the Colorado Supreme Court. *See* 28 U.S.C. § 2254(b)(1)(A) (requiring exhaustion); *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999) (to exhaust, litigants "must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process").  Failure to exhaust results in procedural default of federal habeas review. *Id*. at 848.

But even assuming the claim is not defaulted, Applicant is not entitled to relief on the merits. Applicant's assertion that he was entitled to a new trial rests on his claim that "after he was convicted, he recalled for the first time that he had an alibi witness for most of the time" when the murder occurred. *Young*, 987 P.2d at 894. The trial court found that the "evidence probably would not have resulted in an acquittal and that it was available to the defense prior to trial." *Id.* The Colorado Court of Appeals affirmed, noting that Applicant "had every reason . . . to recall his whereabouts" during the time of the murder and that the alibi witness did not have knowledge of Applicant's whereabouts during at least part of the time when the murders may have been committed. *Id.* Again, the Colorado court's disposition of the issue was neither unreasonable under nor clearly contrary to federal law.

Applicant's third claim is that there was insufficient evidence to support his conviction. This claim, like the second, is unexhausted. Applicant not only failed to raise it in his petition for a writ of certiorari, but also did not raise it before either the trial court or the Colorado Court of Appeals. The claim is therefore procedurally defaulted. Again, however, even if the claim were not defaulted, it fails on the merits. "When reviewing the sufficiency of the evidence on a habeas corpus petition, the relevant question is 'whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact

could have found the essential elements of the crime beyond a reasonable doubt.'" *Turrentine v. Mullin*, 390 F.3d 1181, 1197 (10th Cir. 2004) (quoting *Jackson v. Virginia*, 443 U.S. 307, 319 (1979)). If the record supports conflicting inferences, all such conflicts are resolved in favor of the prosecution. *Id.* The magistrate judge's recommendation quotes the summary of the evidence in the opinion of the Colorado Court of Appeals. The evidence was undoubtedly sufficient to support Applicant's conviction.

Applicant's fourth and fifth claims both challenge the legality of his sentence. His claim that his sentence violates *Apprendi* and *Blakely* is foreclosed by circuit precedent. *See United States v. Price*, 400 F.3d 844, 849 (10th Cir. 2005) (*Blakely* is not retroactively applicable to a case in which conviction was final before *Blakely* was decided); *United States v. Mora*, 293 F.3d 1213, 1219 (10th Cir. 2002) (*Apprendi* is not retroactively applicable to initial habeas petitions).

Applicant fares no better on his claim that his 40-year sentence "is irrational and violates [his] rights." Application and Motion for Certificate of Appealability. He challenged his sentence in state court proceedings, arguing that the trial court abused its discretion by emphasizing his lack of remorse when it imposed a 45-year sentence. *Young*, 987 P.2d at 894. The Colorado Court of Appeals agreed and remanded for resentencing. *Id.* at 894-95. A different trial

court imposed a 40-year sentence. The Colorado Court of Appeals affirmed the 40-year sentence during post-conviction proceedings under Colorado Crim. P. 35(c). Applicant failed to challenge his sentence in his second petition for a writ of certiorari to the Colorado Supreme Court. Thus, Applicant has not exhausted his state remedies on this claim.

Further, even if Applicant had exhausted the claim, it fails on the merits. "We afford wide discretion to the state trial court's sentencing decision, and challenges to that decision are not generally constitutionally cognizable, unless it is shown that the sentence imposed is outside the statutory limits or unauthorized by law." *Dennis v. Poppel*, 222 F.3d 1245, 1258 (10th Cir. 2000). Applicant has not shown that his sentence violates federal law.

No jurist of reason could find debatable that Applicant's issues either fail to state a valid claim for denial of a constitutional right or are properly denied on procedural grounds. We therefore DENY the application for a COA and Applicant's request to proceed *in forma pauperis* and DISMISS the appeal.

ENTERED FOR THE COURT


Harris L Hartz
Circuit Judge