The PEOPLE of the State of Colorado,
Plaintiff–Appellee,

v.

Christopher John MOON,
Defendant–Appellant.

No. 03CA1107.

Colorado Court of Appeals,
Division V.

Oct. 21, 2004.

Certiorari Granted Oct. 11, 2005.

Ken Salazar, Attorney General, Catherine P. Adkisson, Assistant Attorney General, Denver, Colorado, for Plaintiff–Appellee.

David S. Kaplan, Colorado State Public Defender, Keyonyu X O'Connell, Deputy State Public Defender, Denver, Colorado, for Defendant–Appellant.

WEBB, J.

Defendant, Christopher John Moon, appeals the discretionary aggravated range sentence imposed following his guilty plea to

* Sitting by assignment of the Chief Justice under provisions of Colo. Const. art. VI, § 5(3), and

§ 24–51–1105, C.R.S.2003.

attempted unlawful possession of a schedule II controlled substance. We vacate the sentence and remand for resentencing.

Defendant was originally charged with conspiracy to manufacture a schedule II controlled substance. In exchange for dismissal of that charge, he pleaded guilty to attempted unlawful possession of a schedule II controlled substance, a class five felony with a presumptive sentencing range of one to three years imprisonment. *See* § 18–1.3–401(1)(a)(V)(A), C.R.S.2004.

When the court took defendant's guilty plea, neither the prosecutor nor defendant addressed the factual basis for the charge. After defendant pleaded, the prosecutor argued against release on bond, noting that defendant "was, by his own admission, just disposing of the remnants after methamphetamine manufacturing." Defendant did not challenge this statement.

The presentence investigation (PSI) report provided in part: "The defendant stated he was visiting with friends who had materials to make methamphetamine. He stole these items and was pulled over by police." Defendant did not challenge the PSI.

At the sentencing hearing, the prosecutor argued that defendant was a danger to society, because, "He was cleaning out—by his own admission in the light most favorable to him, he was carrying around chemicals, chemical residue from a meth lab or cook that had just been completed."

In allocution, defendant said, "The circumstances of this case, you know, those aren't the circumstances. I thought I was doing something that obviously was—no matter how I looked at it, was wrong."

The trial court sentenced defendant to five years imprisonment, one year less than the maximum in the aggravated range, *see* § 18–1.3–401(6), C.R.S.2004, after finding "exceptional circumstances" based on defendant's "record and the underlying offense." With regard to the underlying offense, the court observed that defendant had been "in possession of substances, chemicals that are used for the manufacture of illicit drugs."

In his opening brief, defendant argued that the aggravated range sentence was an abuse of discretion and that the trial court erred in denying his motion to continue the sentencing hearing. Later, at our request, the parties submitted supplemental briefs addressing the constitutional validity of defendant's discretionary aggravated range sentence in light of *Blakely v. Washington,* 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004). There, the Supreme Court struck down a Washington statute that permitted a judge to impose a sentence above the statutory maximum on the basis of facts other than those found by the jury or admitted by the defendant. The majority held such aggravated sentencing violated a defendant's right to trial by jury under the Sixth Amendment to the United States Constitution.

## I.

According to the People, the statute at issue in *Blakely* sets a "standard range" sentence for each criminal offense, while a separate statute allows the sentencing court to impose an "exceptional sentence" based on additional factors. Thus, they contend, while under the Washington statute a jury's verdict or a guilty plea could not have authorized a sentence beyond the maximum in the standard range, in Colorado, "a defendant is exposed to the full range of penalties available for the offense upon conviction of the original charge."

■ According to defendant, here the aggravated range sentence imposed under § 18–1.3–401(6) violated his Sixth Amendment rights under *Blakely* because, before imposing sentence, the trial court referred to defendant's possession of chemicals used to make illicit drugs, which, defendant asserts, he had not admitted. Defendant emphasizes the *Blakely* majority's description of the constitutionally permissible "statutory maximum" as "the maximum sentence a judge may impose *solely on the basis of the facts reflected in the jury verdict or admitted by the defendant.*" *Blakely v. Washington, supra,* 542 U.S. at 303–04, 124 S.Ct. at 2537 (emphasis in original). We agree with defendant, but on somewhat different grounds.

Initially, we note that, to the extent the People rely on *People v. Allen,* 78 P.3d 751

(Colo.App.2001), at least one division of this court has recently declined to follow *Allen. People v. Solis–Martinez,* 121 P.3d 215, 2004 WL 2002525 (Colo.App. No. 03CA1365, Sept. 9, 2004). In light of *Blakely,* we also question the continued viability of *Allen.*

Although § 18–1.3–401(6) does not specify particular facts that permit imposition of a sentence above the presumptive range, it imposes an express condition on departure from that range:

> (6) In imposing a sentence to incarceration, the court shall impose a definite sentence which is within the presumptive ranges set forth in subsection (1) of this section unless it concludes that extraordinary mitigating or aggravating circumstances are present, are based on evidence in the record of the sentencing hearing and the presentence report, and support a different sentence which better serves the purposes of this code with respect to sentencing, as set forth in section 18–1–102.5. *If* the court *finds* such extraordinary mitigating or aggravating circumstances, it may impose a sentence which is lesser or greater than the presumptive range; except that in no case shall the term of sentence be greater than twice the maximum nor less than one-half the minimum term authorized in the presumptive range for the punishment of the offense.

(Emphasis added.)

Similarly, § 18–1.3–401(7), C.R.S.2004, provides that, where a sentence outside the presumptive range is imposed, "the trial court *shall make specific findings* on the record of the case, detailing the specific extraordinary circumstances which constitute the reasons for varying from the presumptive sentence." (emphasis added). *See People v. Blankenship,* 30 P.3d 698 (Colo.App.2000)(vacating sentence and remanding for specific findings to explain variation from the presumptive range). Hence, the statutory language does not support the People's assertion that "[n]o additional finding of fact is required before a defendant is subject to sentencing in the aggravated range pursuant to this provision."

Moreover, the majority in *Blakely* rejected a similar argument, that the "relevant 'statutory maximum'" is ten years for the class of felony to which Blakely had pleaded. Although the Washington statute set this maximum, it also required that, "[w]hen a judge imposes an exceptional sentence, he must set forth findings of fact and conclusions of law supporting it." *Blakely, supra,* 542 U.S. at 299, 124 S.Ct. at 2535. Thus, the majority viewed the relevant statutory maximum as, "not the maximum sentence a judge may impose after finding additional facts, but the maximum he may impose *without* any additional findings." *Blakely, supra,* 542 U.S. at 303–04, 124 S.Ct. at 2537 (emphasis in original).

Nor are we persuaded by the People's citation to *People v. Watkins,* 200 Colo. 163, 613 P.2d 633 (1980). *Watkins* recognized the burden imposed on appellate courts by "[t]he failure of a sentencing judge to state on the record the basic reasons for the selection of a particular sentence," *Watkins, supra,* 200 Colo. at 167, 613 P.2d at 636, and held that, in felony convictions involving incarceration, the sentencing court must state on the record the reasons for the sentence. However, there the defendant argued only the excessive nature of the sentence in light of his potential for rehabilitation. The case did not address discretionary aggravated range sentences.

Although the People emphasize that the Washington and Colorado sentencing statutes are not identical, we attach no significance to the differences between them for purposes of a defendant's Sixth Amendment rights.

The Washington sentencing scheme addresses standard and aggravated sentences in separate statutes, while the Colorado statute addresses presumptive and aggravated range sentences in different subsections of the same statute. Nevertheless, both states' statutes require additional findings to support an aggravated range sentence, a factor that the *Blakely* majority used to distinguish *Williams v. New York,* 337 U.S. 241, 69 S.Ct. 1079, 93 L.Ed. 1337 (1949). *Blakely, supra,* 542 U.S. at 304, 124 S.Ct. at 2538 ("*Williams* involved an indeterminate-sentencing regime that allowed a judge (but did not compel him) to rely on facts outside the trial record in

determining whether to sentence a defendant to death.").

Under the Washington statute, "[a] reason offered to justify an exceptional sentence can be considered only if it takes into account factors other than those which are used in computing the standard range sentence for the offense." *Blakely, supra,* 542 U.S. at 299, 124 S.Ct. at 2535 (quoting *State v. Gore,* 143 Wash.2d 288, 315–16, 21 P.3d 262, 277 (2001)). In contrast, under the Colorado statute, factors considered in presumptive range sentencing can also constitute "extraordinary ... aggravating circumstances" under § 18–1.3–401(6). *See, e.g., People v. Watkins, supra* (presumptive range factors include the harm to person or property, the required culpability, the defendant's prior criminality, the danger posed by immediate release of the defendant, the risk of the defendant's future criminality, the prospects of rehabilitation, and the risk of depreciating the seriousness of the offense); *People v. Leske,* 957 P.2d 1030 (Colo.1998)(upholding aggravated range sentence based on consideration of impact of crime on victims and their families); *People v. Moore,* 902 P.2d 366 (Colo.App.1994)(upholding aggravated range sentence based on consideration of extreme violence, victim's helplessness, lack of provocation, and the defendant's intoxication), *aff'd,* 925 P.2d 264 (Colo.1996).

Nevertheless, the majority in *Blakely* did not address the nature of the facts used to aggravate a sentence, but focused on whether those facts were found by a judge or a jury:

> Whether the judge's authority to impose an enhanced sentence depends on finding a specified fact (as in *Apprendi [v. New Jersey]* ), one of several specified facts (as in *Ring [v. Arizona]* ), or *any* aggravating fact (as here), it remains the case that the jury's verdict alone does not authorize the sentence. The judge acquires that authority only upon finding some additional fact.

*Blakely, supra,* 542 U.S. at 304, 124 S.Ct at 2538 (emphasis in original).

Thus, while the sentencing court may properly consider many factors in determining an appropriate sentence within the standard or presumptive range, *see Apprendi v. New Jersey,* 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), *Blakely* prohibits the sentencing court from making any additional findings to justify a sentence above that range.

Under the Washington statute, to impose a sentence above the standard range, the court must find "substantial and compelling reasons justifying an exceptional sentence." Wash. Rev.Code § 9.94A.120(2) (2000). The statute lists several aggravating factors, although they are "illustrative rather than exhaustive." *Blakely, supra,* 542 U.S. at 299, 124 S.Ct. at 2535.

Section 18–1.3–401(6) identifies no factors that constitute per se extraordinary aggravating circumstances. Hence, to justify a sentence in the aggravated range, the sentencing court must make a preliminary finding that elevates specific raw facts to the level of "aggravating circumstances." Then the court must make the ultimate finding that these elevated raw facts are also "extraordinary."

In imposing the aggravated sentence at issue in *Blakely,* the Washington trial court found " 'deliberate cruelty,' a statutorily enumerated ground for departure in domestic-violence cases." *Blakely, supra,* 542 U.S. at 300, 124 S.Ct. at 2535. Hence, the Washington court did not articulate the ultimate finding of "substantial and compelling reasons for imposing an aggravated sentence." As a result, while observing that the Sixth Amendment's requirement of either a jury verdict or an admission by the defendant applies to "any fact that increases the penalty for a crime beyond the prescribed statutory maximum," *Blakely, supra,* 542 U.S. at 300, 124 S.Ct. at 2536 (quoting *Apprendi v. New Jersey, supra,* 530 U.S. at 490, 120 S.Ct. at 2362–63), the Court specifically applied this requirement only to "the facts supporting that finding [of deliberate cruelty]." *Blakely, supra,* 542 U.S. at 303, 124 S.Ct. at 2537.

Nevertheless, after describing the right of trial by jury as "a fundamental reservation of power in our constitutional structure," the *Blakely* majority explained, "*Apprendi* carries out this design by ensuring that the

judge's authority to sentence *derives wholly* from the jury's verdict. Without that restriction, the jury would not exercise the control that the Framers intended." *Blakely, supra,* 542 U.S. at 304–06, 124 S.Ct. at 2538–39 (emphasis added); *see also Ring v. Arizona,* 536 U.S. 584, 602, 122 S.Ct. 2428, 2439, 153 L.Ed.2d 556 (2002)("If a State makes an increase in a defendant's authorized punishment contingent on the finding of a fact, that fact—no matter how the State labels it—must be found by a jury beyond a reasonable doubt.").

Section 18–1.3–401(6) limits discretion to impose an aggravated range sentence, not by specifying particular raw facts that per se constitute aggravating circumstances, but by requiring that any such facts found to constitute aggravating circumstances are further found to be extraordinary. Hence, applying the Sixth Amendment to the preliminary finding of particular raw facts as aggravating circumstances, but not to the ultimate finding that those circumstances are extraordinary, would undercut the *Blakely* majority's recognition that, "Just as suffrage ensures the people's ultimate control in the legislative and executive branches, jury trial is meant to ensure their control in the judiciary." *Blakely, supra,* 542 U.S. at 306, 124 S.Ct. at 2539.

Accordingly, we conclude that the statutory maximum for purposes of applying *Apprendi* and *Blakely* is the maximum in the presumptive range. We further conclude that a sentence in the aggravated range under § 18–1.3–401(6) violates the Sixth Amendment right to trial by jury, unless the facts found by the trial court to support the sentence, including the ultimate finding that these facts are extraordinary: (1) are reflected in the jury's verdict; (2) were admitted by the defendant for purposes of sentencing; or (3) involve prior criminality, to the extent permitted by *Apprendi.* Statutes that automatically increase the presumptive range of sentence for particular crimes, *see* § 18–1.3–406 (defendant convicted of crime of violence), or which identify particular raw facts as "extraordinary aggravating circumstances," *see, e.g.,* § 18–1.3–401(8)(a)(II) (defendant on parole for another felony at time of offense), are not before us.

Here, the trial court imposed a sentence in the aggravated range under § 18–1.3–401(6), finding "exceptional circumstances based upon [defendant's] record and the underlying offense." While defendant's plea admitted the underlying offense, defendant did not admit that this offense was an aggravating circumstance, much less an extraordinary one. Hence, the sentence violated defendant's Sixth Amendment right.

Having concluded that *Blakely* prohibited the court's finding that the underlying offense constituted an extraordinary aggravating circumstance, we do not reach the People's argument concerning what raw facts defendant admitted by his plea or at sentencing.

## II.

▪ The People further assert that, even if *Blakely* precludes the trial court from finding that the underlying offense constitutes an extraordinary aggravating circumstance, because the court also referred to defendant's undisputed and lengthy criminal history, the aggravated range sentence should be upheld. We do not agree.

The People rely on *People v. Broga,* 750 P.2d 59, 62 (Colo.1988), which states, "Where the sentencing court finds several factors justifying a sentence in the aggravated range, only one of those factors need be legitimate to support the sentencing court's decision." However, unlike the case before us, the defendant in *Broga* did not argue that his sentencing involved the confluence of a permissible factor, in the form of his prior criminality, and a constitutionally impermissible factor. Rather, the defendant argued only that confinement could not be an aggravating factor in sentencing on an escape conviction because lawful confinement was an element of the offense. Thus, *Broga* did not address whether consideration of the defendant's confinement as a convicted felon, at the time of the commission of the charged offense, violated the defendant's constitutional rights. Likewise, no such constitutionally impermissible sentencing factor was at issue in *People v. Walker,* 724 P.2d 666 (Colo.1986), which *Broga* cites.

Since *Broga*, several divisions of this court have upheld discretionary aggravated range sentences based on *Broga*. *See, e.g., People v. Quintano*, 81 P.3d 1093 (Colo.App.2003) (*cert. granted* Jan. 12, 2004); *People v. Campbell*, 58 P.3d 1080 (Colo.App.2002), *aff'd*, 73 P.3d 11 (Colo.2003); *People v. Munkus*, 60 P.3d 767 (Colo.App.2002); *People v. Eurioste*, 12 P.3d 847 (Colo.App.2000). None of these cases involved the trial court's articulation of a constitutionally impermissible reason in imposing an aggravated range sentence.

In contrast, the division in *People v. Young*, 987 P.2d 889, 894 (Colo.App.1999), vacated an aggravated range sentence and remanded for resentencing, "because the sentencing court appears to have relied upon defendant's failure to express some remorse, inferred from his decision to invoke his right of silence, both at trial and at sentencing." The division concluded that, because the defendant invoked his Fifth Amendment right to silence, the sentencing court could not consider his lack of expression of remorse in imposing an aggravated range sentence.

The *Young* division noted the holding in *Broga*, but also recognized that constitutional error generally mandates reversal "unless the reviewing court is convinced beyond a reasonable doubt that such error was harmless." *Young, supra*, 987 P.2d at 895. The division then reasoned that, given the highly discretionary and inherently multifaceted nature of sentencing, where a sentencing court references a constitutionally impermissible factor in imposing an aggravated range sentence, the factor could be dismissed as harmless, and the sentence affirmed, "only if the record clearly supports the conclusion that the trial court would have imposed the same sentence even had it not considered the constitutionally illegitimate factor." *Young, supra*, 987 P.2d at 895. This reasoning is similar to the balancing test used in reversing a judgment of conviction where trial court error exposes the jury to constitutionally improper evidence. *See, e.g., People v. Fry*, 92 P.3d 970 (Colo.2004); *People v. Welsh*, 58 P.3d 1065 (Colo.App.2002), *aff'd*, 80 P.3d 296 (Colo.2003). We adopt the *Young* division's analysis.

Here, the trial court erred by finding that the underlying offense constituted an extraordinary aggravating circumstance, thus violating defendant's Sixth Amendment rights under *Blakely*. Just as the division concluded in *Young*, we perceive the proper inquiry as not whether, without the trial court's erroneous conclusion that the offense constituted an extraordinary aggravating circumstance, the same sentence would have been imposed, but whether the sentence actually imposed was surely unattributable to the court's error. *Cf. Bernal v. People*, 44 P.3d 184 (Colo.2002).

While defendant's prior criminality could have justified an aggravated range sentence, we cannot say beyond a reasonable doubt that the trial court's reference to the underlying offense as an extraordinary aggravating circumstance surely did not contribute to imposition of a sentence in the aggravated range.

An aggravated range sentence has both a qualitative and a quantitative dimension. The sentencing court makes a qualitative decision to depart from the presumptive range, which is subject to Sixth Amendment scrutiny under *Blakely*. The court then makes a quantitative decision of where to sentence within the aggravated range, which is not subject to further Sixth Amendment challenge. These two dimensions make exclusion of a constitutionally impermissible factor articulated in support of the sentence especially difficult, unless the record clearly shows that this factor was considered *only* to determine placement within the aggravated range.

Here, the record does not permit us to draw this conclusion. The plea hearing does not reflect a recitation of the factual basis for the offense to which defendant pleaded. The sentencing hearing was short, and the transcript provides only limited insight as to the trial court's thought process in exercising its discretion to sentence defendant within the aggravated range.

Accordingly, we conclude that the sentence must be vacated and the case remanded for resentencing. We do not address defendant's original arguments, given this conclusion.

The sentence is vacated, and the case is remanded for resentencing.

Judge RUSSEL concurs.

Judge NIETO concurs in part and dissents in part.

Judge NIETO concurring in part and dissenting in part.

I concur in part I, but respectfully dissent from the result in part II.

I agree that the analysis used in *People v. Young*, 987 P.2d 889 (Colo.App.1999), is appropriately applied here, but I would conclude beyond a reasonable doubt that the sentencing court's consideration of the underlying offense surely did not contribute to the aggravated range sentence imposed.

On the one hand, viewed objectively based on what little is known of the facts of the underlying offense, it was an entirely unremarkable event. Further, neither the prosecutor nor the sentencing court discussed the factual basis for the offense in great detail or offered any reason why the offense should be considered extraordinary.

On the other hand, defendant's criminal record of six prior felonies, viewed objectively, could be considered to be extraordinary, and the sentencing court's comments reveal that it considered defendant's criminal record to be exceptional. The court told defendant, "You have managed to accumulate way too many felony convictions." The court also noted that in view of defendant's failure to take advantage of probation and other alternative sentences, a sentence to probation here would be a waste of scarce resources. Finally, the court observed that defendant's criminal history began as a juvenile and continued "as an adult up to and including this present offense."

Because of the sentencing court's emphasis on defendant's criminal record and its minimal reference to the facts of the underlying offense, I conclude beyond a reasonable doubt that the trial court would have imposed the aggravated range sentence regardless of the court's consideration of the underlying offense. Thus, in my opinion, the sentence imposed was surely not attributable to the court's error.

Accordingly, I would affirm the sentence imposed by the sentencing court.