[Cite as *State v. Stevens*, 2025-Ohio-2121.]

COURT OF APPEALS
MUSKINGUM COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | |
|---|---|
| STATE OF OHIO | JUDGES:<br>Hon. Craig R. Baldwin, P.J. |
|     Plaintiff-Appellee | Hon. William B. Hoffman, J.<br>Hon. Kevin W. Popham, J. |
| -vs- | |
| RICKY STEVENS | Case No. CT2025-0009 |
|     Defendant-Appellant | O P I N I O N |

| | |
|---|---|
| CHARACTER OF PROCEEDINGS: | Appeal from the Muskingum County Court of Common Pleas, Case No. CR2024-0741 |
| JUDGMENT: | Affirmed in part, reversed in part, remanded for further proceedings |
| DATE OF JUDGMENT ENTRY: | June 13, 2025 |
| APPEARANCES: | |

For Plaintiff-Appellee

For Defendant-Appellant

JOSEPH A. PALMER
Muskingum County Prosecutor
Appellate Division
27 N. Fifth Street, Suite 201
Zanesville, Ohio 43701

CHRISTOPHER BAZELEY
9200 Montgomery Road, Suite 8A
Cincinnati, Ohio 45242

*Hoffman, J.*

**{¶1}** Defendant-appellant Ricky D. Stevens appeals the judgment entered by the Muskingum County Common Pleas Court convicting him following jury trial of receiving stolen property (R.C. 2913.51(A)), and sentencing him to a term of incarceration of twelve months. Plaintiff-appellee is the State of Ohio.

STATEMENT OF THE FACTS AND CASE

**{¶2}** On September 9, 2024, Tiffany Hillis drove her grandson to school. When she returned home, she noticed a car she jointly owned with her daughter, which was parked in the driveway, was missing the rear license plate. The plate had been securely affixed to the car with a cover around the edge. Hillis reported the license plate as stolen to police.

**{¶3}** Patrolmen Curtis Shelton of the Zanesville Police Department stopped a vehicle driven by Appellant on November 11, 2024, for a turn signal violation. The license plate affixed to Appellant's vehicle did not belong to Appellant, and had expired on September 6, 2023. However, a registration sticker affixed to the plate showed an expiration date of May of 2025. Upon closer inspection, the officer noticed the portion of the registration sticker which reflects the license plate number connected with the registration sticker had been cut off the sticker.

**{¶4}** Police searched Appellant, finding a straw with what appeared to be drug residue in one pocket, and a straw with burn marks and a piece of foil in another pocket. Appellant admitted he used fentanyl. Police searched the car and found two burn-marked foil packets in the car. Police also found a bag of Halloween-themed clothing which still had tags attached, and one item had a security tag attached. Appellant stated he bought the clothing from someone. In addition, police found the license plate reported stolen by

Hillis in the vehicle. The plate was bent, and a screw with a piece of metal attached was still affixed to the plate, appearing as though the plate had been pried or ripped off a vehicle.

**{¶5}** Appellant was interviewed by Detective Brian Swingle. Appellant stated he bought the clothes found in his vehicle from a shoplifter. Appellant claimed his own license plates were stolen twice. He stated he found the plate on his truck at the time of the stop lying around at home, and thought it belonged to his wife. He bought a house a year earlier, which had forty years of items on the property. Appellant claimed the license plate police found in his truck was on his property, and probably had been laying around for a long period of time. After the detective told Appellant the plate had been reported stolen a few weeks earlier, Appellant told the detective he picked the plate upon Brighton Boulevard near a construction zone. He claimed he found it there two weeks ago and forgot about it when questioned. Appellant stated he picked up the plate because he thought it might be his stolen plate.

**{¶6}** Appellant was indicted by the Muskingum County Grand Jury with one count of receiving stolen property. The case proceeded to jury trial in the Muskingum County Common Pleas Court. The jury found Appellant guilty, and the trial court convicted Appellant in accordance with the jury's verdict. The trial court sentenced Appellant to twelve months incarceration and ordered him to pay restitution in the amount of $40.00. It is from the January 28, 2025 judgment of the trial court Appellant prosecutes his appeal, assigning as error:

I. STEVENS' CONVICTION FOR RECEIVING STOLEN PROPERTY IS BASED UPON LEGALLY INSUFFICIENT EVIDENCE AND AGAINST THE WEIGHT OF THE EVIDENCE.

II. THE TRIAL COURT ERRED WHEN IT ADMITTED PREJUDICIAL EVIDENCE THAT STEVENS POSSESSED DRUGS AND PARAPHERNALIA, ADMITTED TO USING FENTANYL, AND WAS FOUND WITH A BAG OF CLOTHING WITH STORE TAGS STILL ATTACHED.

III. THE TRIAL COURT ERRED WHEN IT PENALIZED STEVENS FOR MAINTAINING HIS INNOCENCE AT SENTENCING BY IMPOSING THE MAXIMUM SENTENCE.

IV. THE TRIAL COURT ERRED WHEN IT IMPOSED AN AMOUNT OF RESTITUTION IN EXCESS OF THE ECONOMIC LOSS TESTIFIED TO BY THE VICTIM.

I.

**{¶7}** In his first assignment of error, Appellant argues the judgment of conviction is against the manifest weight of the evidence and is not support by sufficient evidence. We disagree.

**{¶8}** An appellate court's function when reviewing the sufficiency of the evidence is to determine whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime

proven beyond a reasonable doubt. *State v. Jenks,* 61 Ohio St. 3d 259, paragraph two of the syllabus (1991).

{¶9} In determining whether a verdict is against the manifest weight of the evidence, the appellate court acts as a thirteenth juror and "in reviewing the entire record, weighs the evidence and all reasonable inferences, considers the credibility of witnesses, and determines whether in resolving conflicts in evidence the jury 'clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered.'" *State v. Thompkins*, 1997-Ohio-52, *quoting State v. Martin*, 20 Ohio App. 3d 172, 175 (1st Dist. 1983).

{¶10} Appellant was convicted of receiving stolen property in violation of R.C. 2913.51(A), which provides, "No person shall receive, retain, or dispose of property of another knowing or having reasonable cause to believe that the property has been obtained through commission of a theft offense." Appellant argues the State failed to prove the license plate was actually stolen, and argues if the plate was stolen, there was no evidence he knew or had reasonable cause to believe the plate was stolen.

{¶11} Hillis testified on the morning of September 9, 2024, she noticed the license plate was not on the vehicle she jointly owned with her daughter, which was parked in her driveway. She testified before its disappearance the plate was not bent and had been securely affixed to the vehicle. The plate had a cover around the edge. When she discovered the plate was missing and she acquired a new plate, she also had to get new bolts and anchors to affix the new plate. When Hillis's plate was located in Appellant's truck, the plate was bent, and a screw with a piece of metal attached was still affixed to the plate, appearing as though the plate had been pried or ripped off a vehicle.

{¶12} From this evidence, we find the jury's conclusion the plate had been stolen was based on sufficient evidence and was not against the manifest weight of the evidence.

{¶13} Appellant also argues there was no evidence he knew or had reasonable cause to believe the plate was stolen. When recovered from Appellant's truck, the plate was bent, with a screw still attached to the plate. The car Appellant was driving when he was stopped had a plate which did not belong to him, and had expired. While the plate had a registration sticker which had not expired, the number of the corresponding plate had been cut off the sticker. Hillis's plate was found in Appellant's truck along with clothing he admitted to police he obtained from a shoplifter. Appellant initially claimed he found the plate on his property, where forty years' worth of items had accumulated. When informed by the detective the plate had been recently reported stolen, he changed his story, claiming he forgot he had picked the plate up near a construction site two weeks earlier, thinking it was his own stolen plate. However, Appellant made no effort to call the police after finding the plate. We find the State presented evidence from which the jury could conclude Appellant knew or had reasonable cause to believe the plate had been stolen, and further find the jury did not lose its way finding Appellant knew or had reasonable cause to believe the plate had been stolen.

{¶14} The first assignment of error is overruled.

II.

{¶15} In his second assignment of error, Appellant argues the court erred in admitting evidence drug paraphernalia was found on his person, small packets with burn marks implicating fentanyl use were found in his car, and he admitted to using fentanyl.

Appellant also argues the trial court erred in admitting evidence a bag of stolen clothing was found in Appellant's car.

**{¶16}** "A trial court is vested with broad discretion in determining the admissibility of evidence in any particular case, so long as such discretion is exercised in line with the rules of procedure and evidence." *Rigby v. Lake Cty.,* 58 Ohio St.3d 269, 271 (1991).

**{¶17}** Evid. R. 404(B) provides in pertinent part:

> **(B) Other Crimes, Wrongs or Acts.**
>
> *(1) Prohibited Uses.* Evidence of any other crime, wrong or act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character.
>
> *(2) Permitted Uses; Notice.* This evidence may be admissible for another purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident.

**{¶18}** Evid. R. 403(A) provides, "Although relevant, evidence is not admissible if its probative value is substantially outweighed by the danger of unfair prejudice, of confusion of the issues, or of misleading the jury."

**{¶19}** "Evid.R. 404(B) categorically prohibits evidence of a defendant's other acts when its only value is to show that the defendant has the character or propensity to commit a crime." *State v. Smith*, 2020-Ohio-4441, ¶ 36. Other acts evidence may, however, be admissible for another non-character-based purpose, such as "motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or

accident." Evid.R. 404(B)(2). "The key is that the evidence must prove something other than the defendant's disposition to commit certain acts." *State v. Hartman*, 2020-Ohio-4440, ¶ 22.

{¶20} In *State v. Williams*, 2012-Ohio-5695, the Ohio Supreme Court set forth a three-part analysis for consideration of admissibility of other-acts evidence:

> The first step is to consider whether the other acts evidence is relevant to making any fact that is of consequence to the determination of the action more or less probable than it would be without the evidence. Evid.R. 401. The next step is to consider whether evidence of the other crimes, wrongs, or acts is presented to prove the character of the accused in order to show activity in conformity therewith or whether the other acts evidence is presented for a legitimate purpose, such as those stated in Evid.R. 404(B). The third step is to consider whether the probative value of the other acts evidence is substantially outweighed by the danger of unfair prejudice. *See* Evid.R. 403.

{¶21} *Id.* at ¶ 20.

{¶22} The admissibility of other acts evidence pursuant to Evid.R. 404(B) is a question of law. *Hartman* at ¶ 22. A trial court is precluded from admitting improper character evidence under Evid.R. 404(B), but it has discretion to allow other acts evidence which is admissible for a permissible purpose. *Id.*, *citing Williams* at ¶ 17.

**{¶23} Evidence of Stolen Clothing:** The State presented evidence a bag of clothing was found in Appellant's truck along with the stolen license plate. The clothing inside the bag still had tags attached, and one item had a store security tag. Appellant admitted during his police interview he bought the clothing from a man he knows shoplifted the items. Appellant objected to the evidence prior to trial, and the trial court found the evidence would be admissible with a limiting instruction given to the jury as to the proper use of the evidence. Tr. 7-11.

**{¶24}** We find the trial court did not err in admitting the evidence of the stolen clothing. The evidence was found in the truck at the same time as the stolen license plate. Appellant admitted in his police interview he purchased the clothing from a shoplifter, and thus knew the clothing was stolen. The evidence was therefore relevant to a fact in issue, whether he knew or had reasonable cause to believe the license plate was stolen. The evidence was further admissible for a permissible purpose under Evid. R. 404(B), to demonstrate absence of mistake and/or knowledge. We also find the probative value of the evidence is not substantially outweighed by the danger of unfair prejudice, particularly in light of the trial court's limiting instruction evidence of other items found in the vehicle could not be used to prove the character of Appellant, or to show he acted in accordance to such character. Tr. 225.

**{¶25} Evidence of Drug Use:** The State presented evidence a search of Appellant's person recovered straws and foil used for ingesting illegal drugs, a search of the truck recovered small foil-wrapped packets implicating drug use, and Appellant admitted to using fentanyl.

**{¶26}** Appellant failed to object to the evidence of drugs and drug use at trial, and therefore we must find plain error to reverse. To establish plain error, Appellant must show an error occurred, the error was obvious, and there is a reasonable probability the error resulted in prejudice, meaning the error affected the outcome of the trial. *State v. McAlpin*, 2022-Ohio-1567, ¶ 66, *citing State v. Rogers*, 2015-Ohio-2459, ¶ 22.

**{¶27}** Applying the three-part test set forth in *Williams, supra,* we find the evidence of Appellant's drug use was inadmissible other acts evidence. The evidence did not tend to make a fact of consequence to the action more or less likely. Further, the evidence was not admitted for a purpose set forth in Evid. R. 404(B). We further find the probative value of the evidence was substantially outweighed by the danger of unfair prejudice. The fact Appellant uses fentanyl is not probative to demonstrate he possessed the license plate knowing or having reasonable cause to believe it was stolen. Evidence of illegal drug use is prejudicial, and can easily lead to a jury drawing the inference if Appellant is using fentanyl, he is a "bad person" who also committed receiving stolen property, which is exactly the inference Evid. R. 404(B) is designed to prevent.[1]

**{¶28}** However, we find the error in the instant case did not rise to the level of plain error. As discussed earlier in this opinion, the State presented evidence Appellant had the stolen plate in his truck, and gave multiple explanations as to how he acquired the plate. The truck Appellant was driving at the time of the spot had an expired plate which did not belong to him, as well as an altered registration sticker. Appellant admitted

---

[1] The problem with the improper admission of other acts evidence is highlighted by the State's brief. The State argues at page three of its brief, "Motive of drug users and thieves is simply to secure money from the sale of stolen property and use the same to purchase drugs." Drawing the inference Appellant must have committed the instant offense because he is a drug user is exactly the problem addressed by Evid. R. 404(B).

to police he acquired the bag of clothing found in the car from a man who shoplifts. Further, the trial court gave a limiting instruction evidence of other items found in the vehicle could not be used to prove the character of Appellant or to show he acted in accordance to such character. Tr. 225. We find the error in admitting evidence of drug use did not rise to the level of plain error.

**{¶29}** The second assignment of error is overruled.

III.

**{¶30}** In his third assignment of error, Appellant argues the trial court erred in sentencing him to the maximum sentence based on his lack of remorse, when he was maintaining his innocence, a right protected by the United States Constitution. We disagree.

**{¶31}** R.C. 2929.12(D)(5) allows a sentencing court to consider an offender's lack of genuine remorse as a factor indicating the offender's likelihood to commit future crimes. However, Appellant cites this Court to *State v. Brunson*, 2022-Ohio-4299, in support of his argument the trial court could not consider his continued claim of innocence as a lack of remorse, using such against him in sentencing. In *Brunson*, the Ohio Supreme Court held:

> For these reasons, we conclude that when a defendant has maintained his or her innocence by pleading not guilty and has taken the case to trial, the trial court errs when it considers the defendant's silence to be a demonstration of that defendant's lack of remorse for purposes of sentencing under R.C. 2929.12(D)(5). To consider the defendant's silence

as a lack of remorse in this context would create a negative inference regarding the factual determinations in the case—an inference that is prohibited under *Mitchell. See, e.g., State v. Burgess,* 156 N.H. 746, 756, 943 A.2d 727 (2008) (collecting cases); *State v. Willey*, 163 N.H. 532, 545, 44 A.3d 431 (2012); *People v. Young*, 987 P.2d 889, 894 (Colo.App.1999), *as modified on denial of rehearing* (Apr. 15, 1999) (a trial court may not consider a lack of expression of remorse as an aggravating circumstance when a defendant maintains his innocence and invokes his Fifth Amendment right to remain silent); *Brake v. State,* 113 Nev. 579, 585, 939 P.2d 1029 (1997); *State v. Shreves*, 313 Mont. 252, 2002 MT 333, 60 P.3d 991, ¶ 19. Therefore, the trial court's consideration of Brunson's decision to waive allocution and **remain silent at sentencing** when assessing his lack of remorse for its recidivism determination was error. (Emphasis added.)

**{¶32}** *Id.* at ¶ 83, emphasis added.

**{¶33}** However, the Supreme Court went on to find the trial court's error in considering Brunson's silence at sentencing as lack of remorse did not have a significant effect on his sentence, as Brunson did not demonstrate in the absence of the error, his sentence would have been different. *Id.* at ¶¶ 84-86.

**{¶34}** In *Brunson,* the Ohio Supreme Court relied on the right to remain silent, as guaranteed by the Fifth Amendment to the United States Constitution, in reaching its conclusion a trial court cannot consider a defendant's silence at sentencing as lack of remorse. Unlike *Brunson*, Appellant did not remain silent at his sentencing hearing.

Rather, when the trial court asked Appellant if there was anything he would like to say on his behalf, Appellant stated:

THE DEFENDANT: I'd like to ask the Court for mercy and leniency of the Court, and I'm being sentenced for a crime that I didn't commit and this has been proven. Even though the jurors found me guilty, the evidence showed that I did not steal this woman's plate. I'm a junker. I junk, and I picked up the plate. I did not use this plate in any crime.

**{¶35}** Sent. Tr. 6-7.

**{¶36}** We find *Brunson* inapposite to the instant case because Appellant did not exercise his constitutional right to remain silent. Further, while Appellant claims he was continuing to protest his innocence, Appellant claimed he did not steal the plate and did not use the plate in a crime, neither of which were crimes he was charged with and convicted of committing. We find the trial court did not err in considering Appellant's lack of remorse in sentencing.

**{¶37}** In addition, even if the trial court did err, we find Appellant has not demonstrated his sentence would have been different had the trial court not considered lack of remorse in sentencing. The trial court specifically stated it was considering the facts of the case and Appellant's criminal history in addition to his lack of remorse. Tr. 8. At the sentencing hearing, Appellant waived a presentence investigation report. However, the prosecutor represented to the court Appellant had had prior convictions of burglary in 1992, forgery and uttering in 2005, trafficking and possession of drugs in 2006,

attempted theft and receiving stolen property in 2009, trafficking in drugs in 2009, and unauthorized use of plates in 2019. Based on Appellant's lengthy criminal history, we find the trial court's finding of lack of remorse did not have a significant effect on the sentence imposed in the instant case.

**{¶38}** The third assignment of error is overruled.

IV.

**{¶39}** In his fourth assignment of error, Appellant argues the trial court erred in ordering him to pay restitution in the amount of $40.00 because the victim testified at trial she paid $30.00 for the replacement plates for her car. The State concedes this error.

**{¶40}** The fourth assignment of error is sustained.

**{¶41}** The judgment of the trial court is reversed as to the amount of restitution, and remanded for the limited purpose of correcting restitution. In all other respects, the judgment is affirmed.

By: Hoffman, J.
Baldwin, P.J. and
Popham, J. concur